## Case No. 2,659.

CHESHIRE PROVIDENT INST. v. JOHNSTON.

Circuit Court, D. Minnesota. April 15, 1876.

ATTACHMENT BY ASSIGNEE OF DEBT FRAUDULENTLY CONTRACTED.

[1. A positive averment, in the words of the statute, that "the plaintiff's debt was fraudulently contracted," is sufficient, under Laws Minn. 1867, c. 66, § 1, authorizing an attachment in such a case.]

[2. The assignee of a debt fraudulently contracted is not entitled, under the act, to an attachment against the debtor, as fraud in the inception of a debt is personal to the contracting parties, and does not follow the assignment.]

[At law. Action by the Cheshire Provident Institution against George H. Johnston upon a promissory note, secured by mortgage, payable to George B. Sargent as agent of Austin Corbin, and assigned by him to Corbin, and by Corbin to plaintiff. The plaintiff procured an attachment upon the ground that the "plaintiff's debt was fraud-

ulently contracted." The fraud charged consisted of alleged false answers to written questions submitted to defendant pending the negotiations for the loan. Defendant moved to vacate the attachment.]

Morris Lamprey, for plaintiff.
Charles D. Kerr, for defendant.

NELSON, District Judge. The agent of the plaintiff made affidavit that "the plaintiff's debt was fraudulently contracted," an attachment was properly granted upon the positive averment of the existence of this fact. Laws [Minn.] 1867 [p. 110], c. 66, § 1. The motion to dissolve is made upon counter affidavits, which tend to disprove the statements made in the affidavit upon which the writ was allowed, and is met by further affidavits on the part of the plaintiff. The issue presented is the truth or falsity of the statement, that "the plaintiff's debt was fraudulently contracted." In my opinion the plaintiff cannot invoke this clause of the statute to aid him in collecting his indebtedness, unless he shows that the fraud was perpetrated by the defendant immediately upon him.

Although, as between the original parties to the contract, the defendant may have been guilty of a fraud towards the person with whom he contracted, this plaintiff cannot by reason of such fraud sustain this proceeding. He became owner of the debt by purchase, and it is only when fraud is perpetrated upon an assignee of the debt by his immediate assignor, and suit is brought against him, that the right to the writ as a provisional remedy is given. Any fraud in the inception of the debt does not follow the assignment, but is personal to the contracting parties. The present plaintiff could not in a suit instituted against the defendant, succeed in setting aside the original contract between Sargent as the agent of Corbin, the immediate assignor of the plaintiff, and the defendant, for fraud in its inception. This right of action could not be assigned by Corbin, as the fraud upon him was a personal wrong. If the plaintiff could have no such remedy, his debt is not tainted with the fraud contemplated by the clause in the statute under consideration. It was urged that the representations to Corbin of the condition of the property upon which the money was loaned influenced the plaintiff in his purchase, and as the defendant made these representations to be used by Corbin as his agent to negotiate the loan, the plaintiff was privy to any action resulting from their falsity. If the facts divulged showed that the plaintiff advanced the money directly to the defendant in a negotiation with Corbin as his agent, then the fraud, if it existed, would have been perpetrated immediately upon the plaintiff, but such is not the case as presented. Motion granted.