J. D. EMERSON v. C. W. THATCHER *as Administrator.*

No. 270.

1. ORDER OF ATTACHMENT—*may be amended.* The clerk of the court issued an order of attachment and inserted therein one hundred dollars as the probable costs instead of fifty dollars as provided by the statute. This was an irregularity, but it did not avoid the writ. The court properly allowed the order to be corrected by amendment.

2. APPRAISEMENT OF ATTACHED PROPERTY—*under-sheriff failing to participate in, does not invalidate.* The failure of the under-sheriff to participate with the appraisers in the appraisement of the property, is not such an omission in the service of the writ as required the court to quash the writ or set aside the levy as to all the property.

3. CERTIFICATE OF DEPOSIT—*"payable when properly indorsed" may be sued on without indorsement.* In an action by the executor of one named in a certificate of deposit, which reads, "payable to the order of himself upon the return of this certificate properly indorsed", it is not necessary to allege that the certificate was properly indorsed at or before a demand for payment was made.

4. VERDICT—*properly ordered by the court, when.* In a trial by jury, when the undisputed evidence in the case entitles the plaintiff to a verdict, it is not error for the court to give a binding charge for the jury to return such verdict, notwithstanding there was some evidence upon behalf of the defense.

326      EMERSON v. THATCHER.

N. Dept.      Opinion.   Mahan, P. J.      6 Kan. App.

Error from Cloud District Court. Hon. F. W. Sturges, Judge. Opinion filed November 15, 1897. *Affirmed.*

*Ellis, Reed, Cook & Ellis,* for plaintiff in error.
*Pulsifer & Alexander,* for defendant in error.

MAHAN, P. J. The defendant in error brought this action to enforce the liability of plaintiff in error as a stockholder in the Clyde Banking Company, a corporation organized under the statutes of the State. Emerson is a nonresident, and the action was begun by an attachment levied upon land. The defendant appeared specially and moved the court to quash the writ of attachment, *first,* because the clerk had specified therein the probable amount of costs at one hundred dollars, instead of fifty dollars as the statute provides ; *second,* because the under-sheriff who levied the writ did not participate with the appraisers in the valuation of the property attached. The court denied the motion to quash. Upon the hearing of the motion, the clerk was permitted to amend the writ by striking out the one hundred dollars and inserting fifty dollars.

Counsel contends that the court exceeded its jurisdiction in issuing the writ, and therefore the amendment ought not to have been allowed ; that the writ was void for want of jurisdiction, and hence the motion to quash should have been sustained. In support of this contention, counsel cites a large number of authorities to the effect that the judgment of a court without jurisdiction or in excess of its jurisdiction is a void judgment.

Our conclusion is that the clerk's error was an ir-

EMERSON v. THATCHER. 327

Nov. 15, 1897.    Opinion.    Mahan, P. J.    C. Div.

regularity only, and did not avoid the writ; that under the statute it was amendable, and the court did not abuse its discretion in permitting it to be amended. Neither the error of the clerk nor the action of the court in allowing it to be corrected affected the substantial rights of the defendant. If there had resulted an excessive levy, the court would have, upon motion, discharged such excess of property. The Code requires that all matters which are not prejudicial to the rights of the party shall be disregarded.

Upon the hearing of the motion to quash, the defendant offered in evidence the affidavit of the under-sheriff to the effect that he did not participate with the appraisers in determining the valuation of the property attached, and that he signed the return of the appraisers for the purpose of identification only. To this the plaintiff objected and the court sustained the objection. If this was error, it was immaterial. It was something over which the plaintiff had no control. It did not affect the substantial rights of the defendant. If, in the exercise of their judgment, the two appraisers, without the concurrence of the under-sheriff, levied upon too much property, the excess could have been released upon motion. However, it appears no other property save the quarter-section of land was levied upon. This property was an entire tract and could not well have been divided. There was no such abuse of the process of the court as would have justified quashing the writ. *Gapen v. Stephenson,* 18 Kan. 140.

The fourth assignment of error is, that the court abused its discretion in permitting the clerk to amend the writ. The Code authorizes the amendment of any pleading, process, or proceeding. An attachment is a process of the court. The error of the clerk was

328 EMERSON v. THATCHER.

N. Dept. Opinion. Mahan, P. J. '6 Kan. App.

clearly an irregularity not going to the jurisdiction of the court; it did not result in any prejudice to the rights of the defendant, so that it was immaterial whether the writ was amended or not. It was not sufficient cause to authorize the court to quash it upon the defendant's motion. *National Bank v. Franklin*, 20 Kan. 264; *Smith v. Payton*, 13 id. 362; *Bogle v. Bloom*, 36 id. 512; *St. L. & S. F. Rly. Co. v. Rierson*, 38 id. 359.

Complaint is made that the court overruled the defendant's demurrer to the petition. The plaintiff's cause of action against the bank, upon which he sought to charge the defendant as a stockholder, was a certificate of deposit issued by the bank to the plaintiff's testator and "payable to the order of himself, . . . upon the return of this certificate properly indorsed." While there is an averment of demand on the bank and refusal of payment before suit brought, there is no allegation that the certificate was properly indorsed, nor does the exhibit attached to the petition, purporting to be a copy of the certificate, disclose an indorsement. The contention of the plaintiff in error is, that the petition omitting to allege that at the time the certificate was presented and payment demanded by the plaintiff as executor of Charles Thatcher it was properly indorsed, fails to state a cause of action against the stockholder.

It may be admitted that, in order to charge the stockholder upon his subscription to the capital stock of the bank, it was necessary that the petition should disclose a cause of action against the bank. But a reasonable interpretation of this contract is, that no indorsement was necessary except upon a transfer by Charles Thatcher. It was only necessary that it should be properly indorsed, or that his order in

EMERSON v. THATCHER.                     329

Nov. 15, 1897.        Opinion.   Mahan, P. J.               C. Div.

writing to pay the money should accompany the cerficate when demand was made by some other person than Charles Thatcher himself — some person to whom he had assigned or sold the certificate — that the bank might know upon presentation that such holder had a right to demand the fund.

In the case of a demand by an executor, whose title was by operation of law, no such indorsement was necessary. The authority to receive the money upon the certificate was not by any act of Charles Thatcher. It was evidenced by the recorded action of the probate court in granting letters testamentary to the plaintiff under the will of Charles Thatcher. Had the bank seen fit to refuse payment because the plaintiff had not exhibited to them his authority — for want of knowledge of his authority to make the demand — it would have been incumbent upon him to exhibit such authority, existing as it did, not by virtue of a judgment of any court of Kansas, but of a court of another state. The reasonable construction of the contract did not require that the certificate should be indorsed either by Charles Thatcher or by the plaintiff as his executor, as a condition precedent to the payment.

The sixth, seventh and eighth assignments are based upon an alleged erroneous admission of evidence upon the trial. These assignments of error do not conform to the rules of the court. They fail to set out the evidence or even to direct by reference the court's attention to that part of the record where it may be found. We shall not consider them.

The ninth assignment of error is, that the court gave a peremptory instruction to the jury to find for the plaintiff. The plaintiff's petition stated a cause of action against the defendant, under paragraphs

1200 and 1204 of the General Statutes of 1889 in relation to corporations.

Upon the trial, the plaintiff offered evidence supporting all the material allegations of his case sufficient to make a *prima facie* right to recover.

The only offer of evidence by the defendant was of some records of the meetings of the directors and stockholders which tended in no manner to defeat the plaintiff's right to recover.

There was in fact nothing left for the court to do but to instruct the jury to find a verdict for the plaintiff, and had it refused upon the request of the plaintiff so to do, it would have been error. Had the court submitted the case to the jury and had the jury returned a verdict other than that directed by the court, it would have been the duty of the court to have set it aside and granted a new trial.

Upon the facts disclosed justice has been done, and there is no substantial reason for disturbing the judgment of the court. It is therefore affirmed.