EUGENE T. WILSON, AS RECEIVER OF THE FIRST NA-
TIONAL BANK OF HELENA, RESPONDENT, *v.*
HERVEY BARBOUR, APPELLANT.

[Submitted May 4, 1898.   Decided June 6, 1898.]

### *Attachment—Discharge of—Review of Evidence.*

1.   On an appeal from an order denying an application to discharge a writ of attachment which is heard wholly upon affidavits, the Supreme Court will review the evidence.
2.   The complaint stated seven separate and distinct causes of action upon contract for the direct payment of money.   Each cause of action was one upon which plaintiff might have obtained a writ of attachment.   An affidavit for an attachment was filed, which stated all the facts necessary to entitle the plaintiff to a writ of attachment as to each of five of the causes of action, and the statement as to each of the five was complete in itself.   As to the other two causes of action, the affidavit was defective, because it did not state that the debts mentioned therein had not been secured, or, if ever secured, that the security had become valueless.   *Held,* that a writ of attachment which stated separately the amount of the demand in each of the five causes of action properly stated, also that of each of the remaining two, and also the aggregate amount of all the claims, was irregular but not void; and voidable only so far as it included the demands in the two causes of action referred to.
3.   Where a writ of attachment has been issued upon an affidavit which is sufficient as to five of seven causes of action, but insufficient as to the remaining two, a motion to discharge the whole writ is properly denied.

*Appeal from District Court, Lewis and Clarke County;  H. C. Smith, Judge.*

Statement of the case by the justice delivering the opinion.

APPEAL from an order refusing to discharge a writ of attachment. On August 6, 1897, the receiver of the First National Bank of Helena, Montana, filed his complaint, setting up seven causes of action arising out of a like number of express contracts for the direct payment of money, executed by the defendant to said bank. Promissory notes are the subjects of the several causes of action; the first being a note for $83.05, the second one for $31,986.50, the third one for $1,603.30, the fourth one for $19,771.31, the fifth one for $22,924.18, the sixth one for $2,860.79, and the seventh a note for $103.90. Each of the first three notes provides for attorney's fees. With attorney's fees and interest, the aggregate amount alleged to be due is $99,404.90. Summons was issued. An affidavit for attachment was filed, which, among other things, stated, in effect that defendant was indebted to plaintiff in the sum of $99,404.90 upon the notes mentioned. Each demand was separately stated in the affidavit, in conformity with the complaint. The affidavit was sufficient in form as to each cause of action, except the sixth and seventh. As to the debts alleged in the first and second causes of action, the affidavit stated that the payment of neither had been secured by any mortgage, lien or pledge. The debts which are the subjects of the third, fourth and fifth causes of action were stated to have been originally secured, but that the security had, without any act of the plaintiff or the bank, become valueless. The affidavit was silent, however, with respect to whether the debts alleged in the sixth and seventh causes of action were, or had been, secured. An undertaking having been given, the clerk issued a writ of attachment to the sheriff of Silver Bow county, requiring him, among other things, to attach and safely keep so much of the non-exempt property of the defendant in his county as would be sufficient to satisfy the plaintiff's demands, aggregating $99,404.90. The writ recited the amounts of the several debts alleged in the complaint and affidavit, each statement being separate and distinct from the others. Under the writ the sheriff attached, by garnishment, certain debts owing to, and certain credits owned by, defendant, and 5,365 shares

of the capital stock of the Helena & Frisco Mining Company. On August 27, 1897, defendant gave notice of a motion to discharge the writ of attachment, the grounds being that it was improperly and irregularly issued, for the reason that the affidavit mentioned is false in its statement that the payment of the debt evidenced by the note for $31,986.50 was unsecured, and is false in stating that the security given for the payment of the $1,603.30 note had, without the act of plaintiff or of the bank, become valueless, and for the further reason that the affidavit is insufficient in that it does not allege that the notes of $2,860.79 and $103.90 had not been secured, or, if originally secured, that such security had become valueless. In support of the motion was filed the affidavit of the defendant, and this affidavit also stated that the debts which were the subjects of the sixth and seventh causes of action were secured by mortgages.    On February 14, 1898, plaintiff caused to be filed in opposition to the motion an affidavit, and also many documents and letters, relating either nearly or remotely to the matters presented by the motion.    On February 17th the defendant served an amendment to his notice of motion by incorporating therein an additional ground for the discharge of the writ, to-wit:    That the affidavit is false in stating that the payment of the indebtedness evidenced by the promissory note for $19,771.31 had never been secured, whereas that note and the one for $31,986.50 were secured by a pledge of personal property worth $70,000.    To support the motion as amended, several new affidavits were filed, and plaintiff opposed the motion by counter proof in the form of affidavits and other evidence.

Upon the hearing the court found all the allegations in the affidavit for attachment to be true, and that the affidavit was not sufficient to entitle the plaintiff to an attachment on the indebtedness evidenced by the notes for $2,860.79 and $103.90, the subjects of the sixth and seventh causes of action, respectively, and that the affidavit was sufficient to entitle the plaintiff to an attachment upon each of the demands except those embraced in the sixth and seventh causes of ac-

tion, as to which it was silent.   The court further found that, since the plaintiff had made no affidavit of attachment as to the last two causes of action mentioned, the amount of plaintiff's demand, $99,404.90, stated in the writ, and for which the sheriff was directed to attach, was too large, by the aggregate of the debts described in those two causes of action. The district judge then stated that the only question remaining was "the legal effect of the amount of the last two causes of action, for which plaintiff was not entitled to an attachment, being included in the amount for which the sheriff was directed to attach, and this case is continued for further argument upon said proposition of law." By leave of court the plaintiff then filed an amended affidavit for attachment, in which the omissions to show that the debts mentioned in causes of action numbered 6 and 7 had not been secured, or, if originally secured, that the security had become valueless, are supplied, or attempted to be supplied.   The court thereupon denied the motion to discharge the writ, and the defendant appeals.

*Clayburg, Corbett & Gunn,* for Appellant.

*Wm. Wallace, Jr.,* for Respondent.

PIGOTT, J.   Sections 914, 915, and 916 of the Code of Civil Procedure are as follows:
' Section 914.   The defendant may also at any time, either before or after the release of the attached property, or before any attachment shall have been actually levied, apply on motion, upon reasonable notice to the plaintiff, to the court in which the action is brought, or to a judge thereof, that the writ of attachment be discharged on the ground that the same was improperly or irregularly issued.

"Section 915.   If the motion be made upon affidavits on the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence, in addition to those on which the attachment was made.

"Section 916.   If upon such application, it satisfactorily

appears that the writ of attachment was improperly or irregularly issued, it must be discharged.    But the court or judge may allow the plaintiff to amend his affidavit or undertaking."

1.    The first ground of the motion to discharge the writ of attachment is directed to those parts of the affidavit which have to do with the several debts upon which causes of action numbered 2, 3, and 4 are respectively based.    The defendant contended that the averments of the affidavit were false, in stating that the payment of neither the $31,986.50 note, nor the note for $19,771.31, had ever been secured, and in stating that the security for the payment of the $1,603.30 note had become valueless.    Documentary evidence only was received upon the hearing of the motion, and a substantial conflict existed.    We must therefore determine the merits by deciding upon the weight of the evidence. (*Newell* v. *Whitwell*, 16 Mont. at page 254, 40 Pac. 866.) To set out or discuss the evidence will serve no useful purpose.    A careful examination satisfies us that it fairly preponderates in favor of plaintiff, and we are therefore of opinion that the trial court did not err in finding the statements in the original affidavit to be true.

2.    The original affidavit was sufficient to warrant the issuance of a writ of attachment upon five of the seven causes of action stated in the complaint.    Omission to show that payment of the debts evidenced by either of the notes which are the subjects of the sixth and seventh causes of action had not been secured, or, if ever secured, that the security had become valueless, made the affidavit insufficient as to these two demands, and as to them only.    Seven different express contracts for the direct payment of money were united in the one complaint, in seven separately stated causes of action, each of which might have been the basis of an action, and upon which plaintiff might have obtained a writ.    The statement of each cause of action was practically a complaint in itself.    No interdependence existed, but each cause was in all respects as independent of the other as if it were the sole matter in the complaint.    While the affidavit stated the gross amount of the seven demands, the law did not require such statement.

It was merely immaterial and harmless, and may be rejected as a redundancy. The affidavit did, however, show the conditions existing as to each of the first five causes of action which authorized a writ to issue; and the affidavit was independent and separate in respect of each demand, so that, in effect each demand, or cause had its own separate and appropriate affidavit for attachment, dependent in no way upon the insufficient affidavit or showing as to the sixth and seventh causes. Section 893 of the Code of Civil Procedure requires the writ to state the amount of the plaintiff's demand, in conformity with the complaint. In obedience to this command, the writ stated the amounts of the several demands upon which the first five causes of action were founded in conformity with the complaint, but also stated the amounts of the two other demands, as well as the aggregate of all the claims. In this the writ was irregular. In prescribing that the writ shall state the demand, in conformity with the complaint, the legislature doubtless had chiefly in view the usual case of a complaint stating but a single cause of action, or one in which are united several causes of action, all of which are shown to be demands for which attachment may issue. The intention of the legislature, however, was to provide for all cases of attachment, and the language must be given such meaning as will effectuate the purpose. Reasonably interpreted in the light of the other provisions of the attachment law, the requirement means that the clerk shall insert in the writ the amount of the plaintiff's demand or demands, in conformity with that cause of action, or those causes of action, set out in the complaint, upon which, as shown by the affidavit, plaintiff is entitled to attach. When the writ so states the amount of the demand, in conformity with that portion of the complaint setting up such demand, the ministerial duty of the clerk in that behalf is duly performed, and the statutory requirement is satisfied. In such case no irregularity would exist. If, however, it were shown that the affidavit was false in its material averments as to every demand, or was, by mistake or through inadvertence,

untrue as to some, but not as to all, the entire writ would be improperly issued in the one case, while in the other the impropriety would not permeate the writ, but would affect that portion only as to which the affidavit was untrue; but neither the writ, nor any portion of it, would be irregular in either event.   If, as in the case at bar, the clerk inserts in the writ the amount of a demand for which the affidavit is wholly insufficient, the writ in that respect would be at least irregular, if not improper as well as irregular.

Upon its face the writ of attachment was perfect.   By reference to the affidavit upon which it is sued, however, it appeared that the amount stated in the writ was too large, by the aggregate of the demands upon which the sixth and seventh causes of action were based, which demands were separately stated in the writ, as well as in the complaint and affidavit.   The writ was not void, nor was it, in its entirety, voidable.   (See *Hubbard* v. *Haley*, (Wis.) 71 N. W. 1036; *Emerson* v. *Thatcher*, (Kan.) 51 Pac. 50.)   Though the amount stated in the writ be greater than that for which it should issue, yet, in the absence of bad faith in claiming the excess, the writ will be upheld for so much of the demand as is shown to be properly included.   This rule is within the principle announced in *Newell* v. *Whitwell*, 16 Mont. 243, 40 Pac. 866, and would seem to be a corollary of the doctrine declared in *Mendes* v. *Freiters*, 16 Nev. 388.   Defendant's motion was directed to the whole writ, which he asked the court to discharge.   He did not move a discharge as to the sixth and seventh demands, in respect of which, only, the writ was irregular.   Its irregularity consisted in stating the amount of these two demands, and including them in the total sum recited.   The statements of the affidavit were sufficient to authorize a writ for five several demands, which were, in fact and in statement, clearly distinct and separate in all respects from the insufficient averments touching the two demands irregularly included in both affidavit and writ.   The irregularity did not go to the jurisdiction of the court.   (See *Emerson* v. *Thatcher*, *supra*.)   The motion to wholly discharge the

writ because the affidavit omitted to state grounds as to two out of seven demands was too broad. It was in the nature of a demurrer for insufficiency, interposed generally to a complaint which states facts sufficient to constitute one cause of action out of several attempted to be pleaded. It was akin to a motion seeking to strike from a pleading certain specified matter charged, as a whole, to be immaterial, when a part is material. In the one case the demurrer must be overruled, and in the other the motion denied. (See *Hubbard* v. *Haley*, *supra*.) The whole writ should not be discharged for an irregularity or even impropriety in respect of one or more demands stated therein, when the demands properly included are clearly separated and distinguished in the writ itself from the former. Defendant's remedy was by motion to discharge, modify, or amend the writ as to the demands irregularly inserted therein. This the court has full power to do, under common-law principles (*Tilton* v. *Cofield*, 93 U. S. 167), as well as by virtue of Sections 110 and 774, Code Civil Procedure. Unlike the supposed summons in *Sharman* v. *Huot*, 20 Mont. 555, 52 Pac. 558, the writ in question contained something to amend and amend by. Its only fault was an excess in amount, which excess was by the writ itself segregated from the demands properly stated. The motion was rightly denied.

3. Since the motion to discharge the writ *in toto* was properly denied, and since defendant did not ask a discharge, modification, or amendment of the writ in respect of the demands which should not have been included, consideration of the action of the court below in permitting an amendment to the affidavit for attachment so as to supply the omission of the original to show facts warranting an attachment is unnecessary to a determination of this appeal. The original affidavit was in no measure a compliance with the statute as to the $2,860.79 or $103.90 demand. It did not show even an attempt to state the facts upon which a writ would be authorized upon these demands. Defendant asks us to decide whether such total omission may be supplied by amendment.

Whatever we might here say upon this interesting and diffi-
cult question would be *dictum*, and hence we prefer to express
no opinion.

The order denying the motion to discharge the writ of at-
tachment will be affirmed, and it is so ordered.

                                                    *Affirmed.*

PEMBERTON, C. J. and HUNT, J., concur.