### F. H. THWING v. GRANT HUMPHREY.

(Filed March 4, 1904.)

1. ATTACHMENT—Affidavit for. A positive statement in an affidavit of attachment in the language of the statute that the plaintiff's debt was fraudulently contracted, or that he fraudulently incurred the liability or obligation for which suit has been brought, is sufficient under the statute to authorize the issuance of an attachment.

2. **FRAUD—Does not Follow Transfer of Debt.** Fraud committed in the inception of a debt is, in its nature, personal between the contracting parties, and does not follow an assignment of the debt.

3. **SAME—Attachment.** The right of an assignee of a chose in action to procure a writ of attachment exists only against his immediate assignor, on the ground that the debt or obligation was fraudulently contracted.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before*
*C. F. Irwin, Trial Judge.*

*E. H. Gamble* and *Noffsinger & Hinch,* for plaintiff in error.

*Matthew John Kane,* for defendant in error.

Opinion of the court by

HAINER, J.: This is an action brought by F. H. Thwing against Grant Humphrey, to recover the sum of $4,250 on a check drawn on the First National Bank of Kingfisher, and made payable to the order of J. T. Long. Prior to presentation for payment, the check was sold and transferred by Long to the City National Bank of Kansas City, Missouri, and by said bank presented to the First National Bank of Kingfisher for payment. Payment was refused, and the check was ordered protested. On the 18th day of June, 1903, the City National Bank, for a valuable consideration, sold and transferred said check to F. H. Thwing, the plaintiff in error, who is now the owner and holder thereof. Upon the filing of the petition, the plaintiff caused an attachment to be issued, on the ground that the debt was fraudulently contracted. A motion was filed to dissolve the attachment on the ground that the attachment affidavit was insufficient, and on the ground that the plaintiff's petition shows upon its face that he was not entitled to an order of attachment. The

motion was sustained, and the plaintiff appeals from the order dissolving the attachment.

The petition, affidavit of attachment, and agreed·statement of facts in this case are identical with those in the case of *F. H. Thwing v. F. L. Winkler,* cause No. 1367, and upon that authority the judgment of the court below is affirmed.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.