## F. H. Thwing v. F. L. Winkler.

#### (Filed March 4, 1904.)

1. **ATTACHMENT—Statute Construed.** A positive statement in an affidavit of attachment in the language of the statute that the plaintiff's debt was fraudulently contracted, or that he fraudulently incurred the liability or obligation for which the suit has been brought, is sufficient under the statute to authorize the issuance of an attachment.

2. **FRAUD—Assignment of Debts.** Fraud committed in the inception of a debt is, in its nature, personal between the contracting parties, and does not follow an assignment of the debt.

3. **SAME—Right of Attachment.** The right of an assignee of a chose in action to procure a writ of attachment exists only against his immediate assignor, on the ground that the debt or obligation was fraudulently contracted.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

*E. H. Gamble* and *Noffsinger & Hinch,* for plaintiff in error.

*Matthew John Kane,* for defendant in error.

Opinion of the court by

HAINER, J.: This was an action brought by F. H. Thwing, plaintiff in error, against F. L. Winkler, to recover the sum of $4,250.00 on a check. The material averments in the petition are as follows:

That on the 11th day of June, 1903, the defendant, for a valuable consideration, gave his check on the First National Bank of Kingfisher, Oklahoma, payable to the order of J. T. Long, for the sum of $4,250.00. That before said check was presented to the First National Bank for payment, the said J. T. Long, for a valuable consideration, sold, transferred and delivered said check to the City National Bank of Kan-

sas City, Missouri. That on the 15th day of June, 1903, the said City National Bank presented said check to the First National Bank of Kingfisher for payment, payment was refused, and the check was protested for non-payment at the request of the City National Bank. That subsequently, to-wit: on the 18th day of June, 1903, the City National Bank, for a valuable consideration, endorsed, transferred and delivered said check to F. H. Thwing.

The plaintiff, upon the filing of the petition, caused an attachment to be issued, based upon the following ground:

"That said defendant fraudulently contracted the debt and incurred the liability and obligation for which the above named suit has been brought, and has failed to pay the price and value of said articles and things delivered, which, by said contract, he was bound to pay upon delivery."

The defendant moved to dissolve the attachment upon the following grounds: (1) Because the affidavit of attachment was insufficient. (2) Because the affidavit of attachment was not true. And (3) for the reason that the facts stated in the plaintiff's petition show upon their face that the plaintiff was not entitled, under the law, to an order of attachment in said cause.

A hearing was had upon the petition of the plaintiff, the affidavit of attachment, and the following stipulation of facts, to-wit:

"That this action is brought on a certain check, that said check was given by the defendant to one J. T. Long in payment for a certain stock of merchandise, that said check after being so accepted by the said Long was assigned to the City National Bank of Kansas City, Missouri, and by that bank forwarded to the Kingfisher National Bank for payment, where the said check was protested and returned to

the City National Bank of Kansas City, Missouri, after which the said City National Bank assigned said check to the plaintiff, F. H. Thwing, and F. H. Thwing brought this action upon said check."

The motion to dissolve the attachment was sustained, from which order the plaintiff appeals.

But two questions are involved in this appeal. (1) Is the affidavit of attachment sufficient? And (2) is the plaintiff entitled to an order of attachment? We think the first question must be answered in the affirmative, and the second in the negative.

Section 190 of our civil code provides that the plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant upon the ground, among other things, that the defendant "fraudulently contracted the debt or fraudulently incurred the liability or obligation for which suit is about to be or has been brought."

The affidavit of attachment is sworn to positively, and is in the language of the statute, and hence is sufficient, in form, to authorize the issuance of an attachment.

This brings us to the second proposition, which in our opinion, is decisive of this case. In our opinion, the plaintiff upon the facts disclosed in the petition, affidavit, and the agreed statement of facts, was not entitled to an order of attachment in this case. The plaintiff is seeking to invoke the aid of the statute in collecting an indebtedness upon a check, on the ground that fraud was committed by the defendant in selling a stock of merchandise to one J. T. Long.

Conceding that the defendant committed a fraud upon J. T. Long in the sale of the stock of merchandise, which is

the primary cause of this controversy, such fraud would not be available to the plaintiff in this case in his action upon the check. The plaintiff in error became the owner of the debt by purchase, and there is no privity between him and the defendant. Fraud committed in the inception of a debt is, in its nature, personal between the contracting parties, and does not follow an assignment of the debt. The right of an assignee of a chose in action to procure a writ of attachment exists only against his immediate assignor on the ground that the debt or obligation was fraudulently incurred. Thwing would have no right to maintain an action to set aside the sale between Winkler and Long on the ground of fraud. Neither could the right of action be assigned by Long to Thwing, because if fraud was committed in the sale, it was a wrong personal to Long. (*Cheshire Provident Inst. v. Johnston,* 5 Fed. Cas., page 580· [case No. 2659]).

It follows that if the plaintiff could have no such remedy, he has no right to cause an attachment to be issued on the ground that the debt was fraudulently contracted.

The judgment of the court below is affirmed.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.