part of the court.   It was a court order and could only be reviewed, if at all, by the Appellate Division.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to restore the cause to the special calendar at Trial Term, Part 2, for trial, should be granted, with $10 costs.

---

(140 App. Div. 287.)

### NETTER v. TRENTON WHISK BROOM WORKS.

(Supreme Court, Appellate Division, First Department.   October 21, 1910.)

1. SALES (§ 384*)—BUYER'S BREACH OF CONTRACT—MEASURE OF DAMAGES.

   The measure of damages for a buyer's nonacceptance of merchandise bought is the difference between the contract price and market price at the time and place of the refusal to accept.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1098–1107; Dec. Dig. § 384.*]

2. ATTACHMENT (§ 107*)—AFFIDAVIT—SUFFICIENCY.

   Under the rule that, to support an attachment for unliquidated damages, the facts must be alleged from which the court can estimate the amount of the damages, an affidavit for an attachment for damages for a buyer's nonacceptance of merchandise bought, which states the contract price, but which does not state the market price, is insufficient, though it states in round figures the damages claimed.

   [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 285–289; Dec. Dig. § 107.*]

3. ATTACHMENT (§ 228*)—AFFIDAVITS—CAUSES OF ACTION.

   Where plaintiff in his affidavit for attachment unites several causes of action, some of which are stated with sufficient precision to sustain the attachment and some of which are not so stated, a motion to vacate the attachment in toto is properly denied; but defendant may move to reduce the amount to be secured by the attachment to the causes of action sufficiently stated.

   [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 783–784; Dec. Dig. § 228.*]

Appeal from Special Term, New York County.

Action by Charles S. Netter against the Trenton Whisk Broom Works.   From an order denying a motion to vacate an attachment, defendant appeals.   Affirmed, without prejudice to a subsequent motion.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Mortimer Fishel, for appellant.

David Bernstein, for respondent.

SCOTT, J.   Appeal from order denying motion to vacate an attachment.   The plaintiff's cause of action, as set forth in the affidavit upon which the attachment was based, consists of several items of damage resulting from defendant's refusal to accept merchandise which it had purchased from plaintiff, and also of several items of moneys advanced for account of defendant at its special instance and request.   The objections urged by appellant are: (1) That the allegation respecting the damages suffered by reason of the refusal to ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cept the merchandise are insufficient. (2) That the allegations respecting the claim for moneys expended are insufficient. (3) That the allegations as to defendant's nonresidence are insufficient.

The last two objections are untenable, but the first objection is well founded. The damages claimed for the nonacceptance of the merchandise are unliquidated, and consist of the difference between the contract price and the market price of the goods at the time and place that the defendant refused to accept them. The rule is that in case of a claim for unliquidated damages the facts must be alleged from which the court can estimate, with reasonable approximation, the amount of plaintiff's damage. In a case like the present those facts are the contract price, which is stated, and the market price, which is not stated. The affidavit, therefore, lacks a positive statement of one of the essential factors necessary to a determination of the plaintiff's damage. The affidavit states in round figures what the plaintiff's damage is as he claims it, and we are urged to argue backwards from this that the market value must have been such as, when compared with the contract price, would have produced the loss stated. This we cannot do, for it would amount only to accepting plaintiff's estimate of his loss, without any statement of facts by which to verify it. It appears, therefore, that the plaintiff has united in his affidavit several causes of action, some of which are stated with sufficient precision to sustain the attachment, and some of which are not so stated.

The motion to vacate the attachment in toto was therefore properly denied, and must be affirmed, with $10 costs and disbursements, and without prejudice to a motion by defendant to reduce the amount to be secured by the attachment to a sum covering the alleged advances. All concur.