[No. 17221. Department One. June 27, 1922.]

ARTHUR REMINGTON, *Appellant,* v. FRANK FRAGULIUS, *Respondent.*[1]

ATTACHMENT (31)—FRAUD IN CONTRACTING DEBT—COMPLAINT—SUFFICIENCY. The complaint in an action in which an attachment is sued out on the ground of fraud in contracting the debt need not allege the fraud.

SAME (33) — DISCHARGE OF WRIT — GROUNDS — INVALID CLAIM—JOINDER OF CAUSES OF ACTION—AMENDMENT. Where an attachment on the ground of fraud in contracting the debt issues on three causes of action, the fact that the charge of fraud is not sustained as to one cause, does not authorize the discharge of the attachment as to the other causes on which the charges are sustained.

SAME (2)—GROUNDS—FRAUD IN CONTRACTING DEBT—ACTION BY ASSIGNEE. Where a cause of action is assigned to the plaintiff for the purpose of collection only, the assignor's beneficial interest in the recovery carries with it the assignee's right of attachment for fraud in contracting the debt.

[1]Reported in 208 Pac. 65.

SAME (13)—PROCEEDINGS TO PROCURE—AFFIDAVITS. An affidavit for attachment on the ground of fraud in contracting the debt sufficiently alleges the fraud, where it sets out misrepresentations of assets inducing the contract and that plaintiff relied thereon and did not, for that reason, take an assignment for security.

Appeal from an order of the superior court for Pierce county, Clifford, J., entered December 19, 1921, discharging an attachment, after a hearing upon affidavits. Reversed.

*John E. Belcher,* for appellant.

*A. G. Laffin* and *Harmon & Keyes,* for respondent.

MITCHELL, J.—This is an appeal from an order discharging an attachment sued out at the time of the commencement of the suit. The complaint separately stated three causes of action. The first was to recover $65 balance due for services as an attorney at law; the second was to recover $1,141 for professional services rendered and costs incurred in another case; and the third cause of action was to recover for professional services rendered by another lawyer, who, at the special instance and request of the respondent, had been employed to assist, and did assist, the appellant in the second suit and on an appeal in the first suit, whose claim was assigned to the appellant for the purpose of collection. The suits in which services were rendered were against the partner of the respondent and arose out of transactions at the place the partnership transacted its mercantile business. The complaint alleged as to the respective causes either the agreed or reasonable value of the services, the rendition of the services at the special instance and request of both the respondent and his partner, and the amounts due.

The ground of the attachment was that the respondent had been guilty of fraud in contracting the debts for which the actions were brought. The motion to

discharge the attachment was heard upon affidavits. Those supporting the writ alleged the common things required by the statute, § 648, Rem. Compiled Statutes, while as to the charge of fraud in incurring the obligation it was alleged, in substance, that, to induce the appellant and the attorney associated with him to extend credit and undertake the services rendered, both the respondent and his partner represented that their mercantile partnership property was easily worth from $2,000 to $2,500, clear of all debts and liabilities; that reliance was placed on those representations in undertaking and giving the service rendered; that the representations were false and untrue, and that the total reasonable value of all the property was not to exceed $300 or $400. These allegations of fraud were not denied by the respondent, who, as to the facts, relied largely upon an allegation in his counter affidavit that he never employed or agreed to pay either of the lawyers anything whatever, which denial however, is overwhelmingly overcome by the affidavits of others who testified to the contrary, and by uncontradicted statements that the respondent was active in many ways in and about the actual court proceedings and in other ways pertaining to the trials of his partner.

Without going into detail, it may be stated there is, in our opinion, no sufficient showing to sustain the attachment on account of the first cause of action, there being no proof of fraud at the inception or incurring of the obligation sued on.

It is claimed by the respondent that the attachment was discharged because fraud was not alleged in the complaint in either cause of action, which it is insisted must be done in order to allege and prove fraud in attachment proceedings ancillary to the main action. The authorities cited by counsel state the rule to be

that an attachment will be discharged where the cause of action set up in the complaint is such that it will not support an attachment, although the affidavit for attachment does state such a cause of action. That is, if they differ and conflict, the complaint controls the affidavit. But that is not the situation here where the complaint alleged debt, and so does the affidavit, with the added charge of fraud on the part of the party sued in creating the debt, just as is required and provided by the terms of § 648, *supra,* of the code.

Next, it is contended by the respondent that as the showing as to the first cause of action was insufficient to support an attachment, the joinder of it with others will discharge the attachment *in toto.* There are some authorities to that effect, while there are others which hold to the contrary and that no portion of the attachment will be discharged. 6 C. J. 423, note 14 (b). Differing from the statutes in some of the other states, the statute of this state (§ 677, Rem. Compiled Statutes, enjoins liberality of construction of the chapter on attachments and provides for the allowance of amendments to cover defects in the complaint, affidavit, bond, writ or other proceeding. Under these circumstances, we are satisfied that the proper rule and procedure are as suggested by the supreme court of Montana, together with a number of other states whose decisions are referred to by the Montana court. That state has statutes similar to ours upon the subject of the discharge of attachments, and of amendments in furtherance of justice in any proceeding, and in the case of *Wilson v. Barbour,* 21 Mont. 176, 53 Pac. 315, the court said:

"The writ was not void, nor was it, in its entirety, voidable. (See *Hubbard v. Haley,* (Wis.) 71 N. W. 1036; *Emerson v. Thatcher,* (Kan.) 51 Pac. 50.) Though the amount stated in the writ be greater than

that for which it should issue, yet, in the absence of bad faith in claiming the excess, the writ will be upheld for so much of the demand as is shown to be properly included. This rule is within the principle announced in *Newell v. Whitwell,* 16 Mont. 243, 40 Pac. 866, and would seem to be a corollary of the doctrine declared in *Mendes v. Freiters,* 16 Nev. 388. Defendant's motion was directed to the whole writ, which he asked the court to discharge. He did not move a discharge as to the sixth and seventh demands, in respect of which, only, the writ was irregular. . . . Defendant's remedy was by motion to discharge, modify, or amend the writ as to the demands irregularly inserted therein. This the court has full power to do, under common-law principles (*Tilton v. Cofield,* 93 U. S. 167), as well as by virtue of Sections 110 and 774, Code Civil Procedure."

See, also: 6 C. J. 428, notes 62 and 63; *Netter v. Trenton Whisk Broom Works,* 140 App. Div. 287, 125 N. Y. Supp. 141; 6 C. J. 423, note 14 (b).

The further point is made by the respondent that the third cause of action, being an assigned claim, cannot support an attachment, upon the ground that fraud in incurring a debt is personal to the assignor or original creditor and does not follow the assignment. The argument appears to be encouraged by the cases of *Cheshire Provident Inst. v. Johnston,* Fed. Cas. No. 2,659; *Thwing v. Winkler,* 13 Okl. 643, 75 Pac. 1126; *Thwing v. Humphrey,* 13 Okl. 646, 75 Pac. 1127; *Penoyar v. Kelsey,* 150 N. Y. 77, 44 N. E. 788, 34 L. R. A. 248, cited by the respondent. In each of those cases the assignee became the owner of a debt by purchase, while in the present case the appellant is not the owner of the claim by purchase, but for the purpose of collection only. The assignor still has a beneficial interest in it carrying the right of attachment into the hands of his assignee. 6 C. J. 424, § 989; *Hadden v. Dooley,* 92 Fed. 274, 34 C. C. A. 338.

Finally, it is contended by the respondent that the affidavits on behalf of the appellant do not, as a matter of law, show fraud in contracting the debts mentioned in the second and third causes of action. The argument is (1) that the affidavits show the respondent and his partner stated they would transfer their property in trust to secure the payment of the debts, and further represented that they would give a clear bill of sale of their property and business at any time if desired, (2) that the representations referred to something to be done in the future, and (3) there can be no fraud without representation of a past or existing fact, or something equivalent thereto. We do not so understand the affidavit. While it states the things mentioned by the respondent, it further says the respondent represented that the property could be sold, clear of debts and liabilities, for $2,000 to $2,500; that he trusted respondent and relied on his statement "and did not take such bill of sale at that time for that reason only"; that the statement was false, and that the reasonable value of the stock was and is but $200, which, together with their equity in the business fixtures, would not amount to more than $300 to $400. It was, in legal effect, a representation of solvency, or the ownership and value of property, and being false, as shown by appellant's affidavit which was not contradicted in this respect, brings the case within the rule authorizing an attachment. 6 C. J. 71, § 92 and cases cited.

Reversed, and remanded with directions to the superior court to enter an order discharging the attachment as to the first cause of action and sustaining it as to the other two causes.

PARKER, C. J., FULLERTON, and BRIDGES, JJ., concur.