CHARLES WHITNEY BAKER AND JOHN JOSEPH SWAN, PLAINTIFFS, v. LUDWIG M. DIETERICH, DEFENDANT.

Argued June 6, 1922—Decided November 8, 1922.

A right to hold a debtor to bail for a debt fraudulently incurred is not assignable and does not pass with an assignment of the debt. Such a fraud is a personal matter and is not assignable.

On application to vacate order setting aside order to hold to bail on *capais*.

Before Justices PARKER, BERGEN and MINTURN.

For the plaintiffs, *Freeman Woodbridge*.

For the defendant, *George G. Tennant*.

The opinion of the court was delivered by

BERGEN, J. The defendant was held to bail in an action brought jointly by plaintiffs for a debt alleged to have been fraudulently incurred. The order was set aside by a justice of the Supreme Court and plaintiffs appealed to the Supreme Court to have it reviewed. The affidavits on which the order was based show that defendant had invented a machine for producing picture films, and entered into an agreement, December 2d, 1921, with the plaintiffs and Chester N. Stevens,

by which, in order to meet the expenses of exploitation and securing patents, the parties, other than defendant, subscribed the sum of $5,000, Whiting and Swan each $1,250, and Stevens $2,500, which, when paid, was to be the consideration for one-fourth interest in the proceeds of the exploitation of the invention; that if this was not sufficient defendant was to sell such part of the interest he retained as would be sufficient to raise an additional $5,000; that the control and operation of the business of the exploitation of the invention should be in the hands of a board of trustees, one to be selected by defendant, one by the subscribers and the other by the two parties; that the subscriptions were to be paid to defendant as trustee to be by him kept in a special deposit fund; that no salaries were to be paid except that the defendant should have an allowance out of the fund of $25 per day for the time actually spent by him in exploiting the invention, not to exceed $1,000; that December 2d, 1921, the first money was paid to defendant, amounting to $750, $500 by Stevens and $125 each by the plaintiffs, and December 9th, 1921, $1,000 more was paid by Stevens, a total of $1,750, all of which was deposited by defendant in his name as trustee; that December 12th, 1921, Baker notified defendant to cease all further expenditures; that between that time and February, 1922, defendant used, not only the money he was entitled to for his services, but the entire $1,750, except $56.87; that March 24th, 1922, Stevens assigned to Baker for $100 all his interest in the proceeds resulting from the exploitation of the invention, and also all claim he had against defendant, "whether by myself or jointly with others in any manner arising out of my connection with said syndicate or said agreement or by reason of his use of the trust fund referred to in said agreement;" that the balance of the subscriptions were never paid.

The first point argued is that the order of the justice of the Supreme Court discharging defendant is not subject to review by the Supreme Court on an appeal without the intervention of any writ of review, but if that question is arguable it has been settled, so far as this court is concerned, in

*Paul* v. *Key,* 61 *N. J. L.* 133, and the practice of this court in reviewing orders made by any justice or commissioner having the power to make such orders.

The order of the commissioner holds defendant to bail in the sum of $1,693.13, and is based, to the extent of $1,500, on the debt assigned to the plaintiff Baker by Stevens, who was the person defrauded, if the debt was fraudulently incurred. We have not deemed it necessary to determine whether the debt was fraudulently incurred, but assuming that it was, pass to the consideration of the question whether the assignment of such a debt carries with it to the assignee the right of the assignor to hold defendant to bail in a civil action for the recovery of the debt? According to the weight of authority this must be answered in the negative. The assignee has the right to recover the debt, but any fraud in incurring the debt was a personal fraud affecting the assignor only, and any remedy he might have because of it is not assignable, as that special wrong is in the nature of a tort. The only case we have been able to find tending to the contrary is *King* v. *Kirby,* 28 *Barb.* 49, which deals with the assignment of a judgment in an action where the basis was fraud in concealing property, part of which was done after the assignment. This case has never been cited by any other court in New York or elsewhere, and is contrary to *Zabriskie* v. *Smith,* 13 *N. Y.* 322, which has been often cited by other courts. It was there held that where a firm claimed to have a debt due which the debtor fraudulently contracted, and one of the partners assigned to the other, the latter could not sue, in his own name for the fraud, because his partner could not assign the fraud.

Except when provided by statute, nothing is assignable that does not directly involve a right of property. *Weller et al.* v. *Jersey City Street Railway Co.,* 68 *N. J. Eq.* 659. An action for deceit cannot be maintained except by the person defrauded. No one but the person who relied on the misrepresentations can maintain a suit based on them. *Lembeck* v. *Gerken,* 88 *N. J. L.* 329. A defendant converted

goods of the assignor before the assignment, and the assignor had a right of action, but that right is no more assignable than any other tort; it is like an action for trespass or assault. *Gardner* v. *Adams, 12 Wend.* 177. "A fraud is an individual and personal thing. It is a cause of complaint to the person only upon whom it is committed. No other person can claim a benefit from it." *Comstock* v. *Ames, 42 N. Y.* (3 *Keyes*) 357. A right of action based on a fraud is not assignable. *Thwing* v. *Wonkler, 13 Okla.* 643; 75 *Pac. Rep.* 1126.

In *Defries* v. *Milne, 33 Ann. Cas.* 257, the English Court of Appeal is quoted as saying: "It would be exceedingly bad policy to allow a person to sell rights of action for tort which he does not care to run the risk of enforcing himself, as, for instance, to allow a liquidator to put such rights up for auction and sell them to some one who might buy for a small sum of money on the chance of recovering a larger sum, or possibly of blackmailing." In *Farwell Co.* v. *Wolf, 96 Wis.* 10; 65 *Amer. St. Rep.* 22, the defendants defrauded dealers by purchasing on credit. The dealers assigned their respective causes of action for damages to plaintiffs. The court held that the action was not for damages done to personal property, and not assignable, citing *Reed* v. *Hatch, 19 Pick.* 47; *Culling* v. *Tower, 14 Gray (Mass.)* 183; *Leggate* v. *Moulton, 115 Mass.* 552; *Brush* v. *Sweet, 38 Mich.* 574; see, also, *Sanborn* v. *Doe, 92 Cal.* 152; 27 *Amer. St. Rep.* 101. In *Hindman* v. *First National Bank, 50 C. C. A.* 623, Judge Lurton said: "Plaintiff's action, in the aspect now under consideration, is for fraud and deceit, and such action must be bottomed upon false representation made to him with intent he should be influenced thereby."

The statute of the State of Minnesota provided that an attachment could be granted where "the plaintiff's debt was fraudulently contracted," plaintiff held by assignment a mortgage and sought an attachment on the ground that the debt it represented was fraudulently contracted. The court held "any fraud in the inception of the debt does not follow

the assignment, but is personal to the contracting parties," and that such right of action of the assignor could not be assigned by him, as the fraud upon him was a personal wrong. *Cheshire Provident Institution* v. *Johnston, 5 Fed. Cas.* 580. We have not considered the right of these plaintinffs to bring a joint action when each appear to have a separate claim, for the defendant raised no such objection, but the bail was ordered in a sum to cover the claim of both parties, although plaintiff Swan had no interest in the debt assigned to Baker. The application to vacate the order setting aside the order to hold to bail and discharging defendant from arrest will be denied, with costs. The defendant is entitled to an order on the clerk of the court to refund his deposit in the lieu of bail.