[No. 24778. Department Two. December 12, 1933.]

F. A. HAZELTINE *et al., Respondents,* v. D. W. LYLE, *Appellant.*[1]

*G. E. Peterson,* for appellant.
*Fred M. Bond,* for respondents.

TOLMAN, J.—Respondents, as plaintiffs, sued upon two causes of action assigned to them by a co-partnership doing business under a trade name, and at the time of the filing of their complaint they sued out a writ of attachment which, apparently, was duly levied upon personal property belonging to the defendant.

A motion to dissolve the attachment was interposed, a demurrer to the complaint was filed, and thereafter the defendant answered denying all of the material allegations of the complaint.

The cause came on for trial; the plaintiffs were permitted to amend their affidavit for attachment, and

[1]Reported in 27 P. (2d) 716.

after receiving the evidence offered by both parties, the trial court denied the motion to dissolve the attachment, made findings and conclusions favorable to the defendant on the first cause of action, and on the second cause of action found in favor of the plaintiffs and against the defendant in the sum of $43.92, for which amount judgment was entered. The defendant has appealed from that judgment.

Three questions are raised in this court: (1) That the court erred in refusing to dissolve the attachment; (2) that, there being no allegation or proof of compliance by the respondents or their assignors with the terms of Rem. Rev. Stat., §§ 9976 and 9980, the respondents cannot maintain this action; and (3) that the evidence does not support the findings of fact made by the trial court.

Following the levy of the writ of attachment, appellant, by giving the necessary statutory bond, secured the release of the attached property, and at the same time moved to dissolve the attachment; but it was stipulated that the motion to dissolve should be heard at the time of the trial on the merits.

Appellant seems now to argue that the original affidavit for attachment was deficient, and that no amendment thereto should have been permitted. Rem. Rev. Stat., § 677, in express terms, requires a liberal construction of the attachment act, and specifically provides for curing defects in the affidavit by amendment, and further provides:

"No attachment shall be quashed or dismissed, or the property attached released, if the defect in any of the proceedings has been or can be amended so as to show that a legal cause for the attachment existed at the time it was issued, and the court shall give the plaintiff a reasonable time to perfect such defective proceedings. The causes for attachment shall not be stated in the alternative."

The cases relied upon by the appellant do not meet the present situation. The trial court found that the facts were such as to warrant the issuance of the writ of attachment. Therefore, the affidavit was amendable under the statute so as to state the existing facts. The evidence does not preponderate against this finding by the trial court, and we are bound thereby. *Bingham v. Keylor,* 25 Wash. 156, 64 Pac. 942.

The fact that respondents recovered judgment for less than the amount sued for, no bad faith being shown, did not warrant a discharge of the attachment. *Remington v. Fragulius,* 120 Wash. 563, 208 Pac. 65.

The claims upon which the action was based were not assigned for collection only, but it seems to be admitted by appellant that "assignees took a blanket assignment for the benefit of creditors"—and thus, of course, the full legal title to the causes of action vested in them. The rule applicable seems to have been well expressed by the supreme court of California in *Wing Ho v. Baldwin,* 70 Cal. 194, 11 Pac. 565, where it said:

"It is claimed that it does, because of the general rule that the assignee of a chose in action acquires no greater rights than his assignor had. But the disability created by the statute is of a personal character, and as applied to the *partnership* operates only to abate the action. . . . The partners may at any time remove the disability by complying with the provisions of the statute. But an assignee of such partners cannot do so, nor is there any mode by which he can compel them to remove it. The statute does not in terms apply to the assignee of such persons, and to extend it by construction to the assignee would be to place the latter in a worse position than his assignor; for, as already said, it would lay in the power of the partners to remove the disability, while their assignee could not do so."

This appears to be the general rule. 47 C. J. 743, § 161. The case of *Peterson v. Morris,* 104 Wash. 507, 177 Pac. 320, upon which appellant relies, is not applicable to the situation here presented.

We have read the evidence in the light of appellant's comments thereon, and are well satisfied that it does not preponderate against the finding of the trial court.

The judgment is affirmed.

BEALS, C. J., HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.