## BOWERS v. THE LONDON BANK OF UTAH.

WRIT OF ATTACHMENT, RECITALS IN, OF THE AMOUNT TO BE SECURED BY THE ATTACHMENT THEREUNDER.—A writ of attachment should recite the amount of the plaintiff's claim intended to be secured by it, which should be stated in conformity to the amount claimed in the plaintiff's complaint, although the affidavit upon which the writ issues states the amount at a less sum than that claimed by the complaint. A variation in the amount as recited in the writ, with that stated in the affidavit, will not vitiate the writ.

UNDERTAKING ON ATTACHMENT, AMOUNT OF, DISCRETIONARY WITH THE CLERK.—The amount of the undertaking required on attachment is within certain limits determined by the clerk at his discretion. When this discretion has been exercised within the limits prescribed by the statute, it can not be said that the writ was improperly issued, although the amounts of the undertaking and of the plaintiff's claim are largely disproportionate.

AN AFFIDAVIT ON ATTACHMENT IS SUFFICIENT which describes the plaintiff's claim in such general terms that it may be seen that it is a demand arising upon contract for the direct payment of money and is the same debt for which the action is prosecuted.

APPEAL from the third district court. The complaint in this case contains four counts or causes of action: the first is for four thousand dollars; the second for eight thousand dollars; the third for four thousand two hundred and fifty dollars; and the fourth for fifty thousand and eighty-three dollars and seventy cents; and judgment was demanded for the aggregate sum of sixty-six thousand three hundred and thirty-three dollars and seventy cents.

A writ of attachment was issued upon the following affidavit: "William H. H. Bowers, the plaintiff in the action above named, being duly sworn, deposes and says that the defendant above named is indebted to him, the said plaintiff, in a certain sum, that is to say, in the sum of forty-nine thousand nine hundred and seventy dollars and forty-eight cents, over and above all legal set-offs and counter-claims, upon a contract for the direct payment of money, viz., for deposits in the defendant's bank and for property sold; that said sum has not been secured by any mortgage lien, or pledge upon real or personal property situate in said territory of Utah; that the said debt is an actual *bona fide* existing demand due and owing from the said defendant to the plaintiff, and that

the attachment herein is not sought and this action is not prosecuted to hinder, delay, or defraud any creditor of said defendant.

"And this deponent further says that the following cause for issuing an atachment in this action actually exists at the time of making this affidavit, to wit, that the said defendant is a non-resident, and is not residing in said Utah Territory, but is a foreign corporation organized under and by virtue of the laws of Great Britain."

The undertaking filed with the affidavit was in the penal sum of four thousand dollars.

The writ contained the following recital:

" Whereas, the above-entitled action was commenced in the district court of the third judicial district of the territory of Utah, by the plaintiff in the said action, to recover from the defendant in the said action the sum of sixty-six thousand three hundred and thirty-three dollars and seventy cents, with interest thereon and costs of suit; and the necessary affidavit and undertaking herein having been filed as required by law, now," etc.

Within the statutory time the defendant moved to discharge the attachment, on the following grounds: 1. The writ of attachment was improperly issued for the sum of sixteen thousand three hundred and sixty-three dollars. and twenty-two cents in excess of the amount of indebtedness sworn to in the affidavit on attachment; 2. The attachment bond given by plaintiff was not in the amount required by the statutes in such cases made and provided; 3. The affidavit does not sufficiently specify the nature of the plaintiff's alleged claim.

The court refused to discharge the attachment, and from that order the defendant appeals.

The provisions of the practice act relied upon are as follows:

" Sec. 123. The clerk of the court shall issue the writ of attachment upon receiving an affidavit by or on behalf of the plaintiff, which shall be filed, showing that the defendant is indebted to the plaintiff upon a contract, specifying the nature and amount thereof as near as may be over and above all legal set-offs or counter-claims; and that the same has not been secured by any mortgage, lien, or pledge upon real or

personal property situate or being in this territory.; or, if so secured, that said security has been rendered nugatory by the act of the defendant; and that the same is an actual *bona fide* existing demand due and owing from the defendant to the plaintiff; and that the attachment is not sought and the action is not prosecuted to hinder, delay, or defraud any creditor of the defendant;" and specifying one or more of the causes set forth in the preceding section.

Section 124 provides that before issuing the writ the clerk shall require a written undertaking on the part of the plaintiff, "in a sum not less than two hundred dollars nor exceeding the amount claimed by the plaintiff," for the payment of costs, and all damages which the defendant may sustain by reason of the attachment.

Section 125 directs that the writ shall require the officers "to attach and safely keep all the property of such defendant within the county not exempt from execution, or so much thereof as may be sufficient to satisfy the plaintiff's demand, the amount of which shall be stated in conformity with the complaint."

*Baskin & Van Horne*, for the appellant.

1. There being four separate contracts set out in the complaint, upon which are claimed the several sums before stated, aggregating sixty-six thousand three hundred and thirty-three dollars and seventy cents, and the affidavit only claiming an actual *bona fide* existing demand for forty-nine thousand three hundred and thirty-three dollars and forty-eight cents, on a contract due and owing, not secured by mortgage, lien, or pledge, it is clear that the attachment for the amount of sixty-six thousand three hundred and thirty-three dollars and seventy cents, claimed in the complaint issued in this case, is invalid, because no foundation authorizing the same was laid in the affidavit, unless the statute, against the manifest intention of the legislature, can be construed to authorize this summary remedy for more than is claimed to be an actual *bona fide* demand due and owing, and to dispense with the necessity of an affidavit to that effect, as well as with the requirement that the amount for which the attachment is sought is not secured.

Under such a construction, a plaintiff might, on an actual *bona fide* existing demand for one dollar due and owing, and not secured by mortgage, lien, or pledge, obtain an attachment for any amount, however great or however secured, by making the necessary affidavit as to one dollar, and claiming a greater amount in the complaint.

Under such a construction, the remedial process of attachment could be turned into an instrument of oppression and destruction.

It is claimed that section 125, p. 432, revised statutes, authorizes the attachment for the amount claimed in the complaint, although the required allegations of the affidavit are predicated upon a less amount. The whole statute taken together does not warrant any such construction.

The affidavit relates to an indebtedness of forty-nine thousand nine hundred and seventy dollars and forty-eight cents on a contract, and there being four separate contracts set out in the complaint, and only the last being for a claim equal to the indebtedness alleged in the affidavit, the affidavit can have no bearing whatever upon the first three; yet the attachment covers them.

Can it be pretended that there is any affidavit showing that the amount of sixteen thousand three hundred and sixty-three dollars and twenty-two cents, over and above the alleged indebtedness, is an actual *bona fide* existing demand, due and owing on a contract, and not secured by mortgage, lien, or pledge?

Under section 142, p. 437, revised statutes, if the writ of attachment was improperly issued, it must be discharged.

2. On the second ground of the motion the court is referred to section 124, p. 432, revised statutes of Utah.

3. On the third ground of the motion the court is referred to the following cases: *Skiff* v. *Stewart*, 39 How. Pr. 385; *Manton* v. *Poole*, 67 Barb. 330; Utah R. S., sec. 123, p. 432; Voorhies' N. Y. Code, sec. 229; *Richter* v. *Marx Wise*, 3 Hun, 398.

*Sutherland & McBride,* and *Arthur Brown,* for the respondent.

1. As to the first point, the statute requires the writ to fol-

low the complaint, and the amount to be stated in conformity therewith: Prac. Act, sec. 125.

The statute distinguishes between the affidavit and the complaint in that regard; the complaint ¦and affidavit need not be in the same sum. The complaint must state the whole cause of action; the affidavit only states the balance due after deducting all set-offs; it is optional with the defendant, not with the plaintiff, whether the set-offs are to be used in the particular case or not.

2. Section 124 of the practice act is evidently intended to leave to the clerk a wide discretion as to the amount of the bond in the particular case; it does not depend upon the amount claimed, but a small part thereof may be attached; it would not follow that there would be any damage at all to the defendant by the defendant taking them and holding possession of them. It is for the clerk to determine, under all the circumstances, what sum would cover the damages in the case. He did fix the sum at four thousand dollars in this case, which covered all possible damages. The plaintiff could only be liable for the use and depreciation of the property. The bond was ample, and was in conformity with the statute.

3. The affidavit sufficiently specifies the nature of the claim; the specification required by the statute is a statement as to whether it is upon a contract or not. The "nature" which is spoken of in the statute is the nature of the indebtedness; that is fully specified in the affidavit. The affidavit, however, goes further, and describes in general terms the objects of the statute, and the particular class or classes of contracts under which the action is brought, and connected with it also is a sworn complaint, which is in the nature of an affidavit, and is used alike in injunction and attachment proceedings, as an affidavit in which the entire claim is set forth, with all the particularity of pleading. It is not necessary to repeat that in the other affidavit, or in the writ or summons: 41 Cal. 315.

It was argued in the court below that it was necessary to show the grounds of attachment more fully, the same as in applications for injunction. That rule applies only in cases where the writ is awarded by a judicial officer; where awarded by a ministerial officer, the language of the statute is suffi-

cient: Drake on Attachments, secs. 97–100; 12 Ohio St. 335; 38 Cal. 203.

We take pleasure, also, in referring to the able opinion of the judge who determined this case. It is itself an authority, in view of the care and ability shown in its preparation. We refer to the authorities cited therein.

EMERSON, J.:

The statute leaves no discretion in any one as to the amount which shall be stated in the writ of attachment. It is a plain, direct, and specific instruction and direction, which the clerk has no right or authority to disregard. The process of attachment is a special statutory remedy, and in resorting to it, the terms of the law conferring it must be strictly pursued. If the clerk had stated any other sum in the writ than that in conformity with the demand in the complaint, it would have been a material departure from the requirements of the statute, and would have vitiated the proceeding and rendered it utterly void. The requirements of the statute are so plain and explicit that there is no room left for construction or speculation.

The statute leaves a wide discretion in the clerk as to the amount of the undertaking he shall require before issuing the writ. Where this discretion has been exercised within the limits prescribed by the statute, it can not be said that the writ was improperly issued.

The affidavit sufficiently specifies the nature of the demand to satisfy the requirements of the statute in this respect. The allegation that it is on a contract for the direct payment of money, with the further allegation of how the debt accrued, sufficiently specifies the nature of the contract.

No good purpose would be subserved in requiring the allegations of the complaint, either minutely or generally, to be copied into an affidavit for an attachment. It is sufficient if the affidavit shows by general terms in describing the nature of the demand that it is the same debt for which the action is prosecuted.

The order of the court below in refusing to discharge the attachment is affirmed.

HUNTER, C. J., and TWISS, J., concurred.