### NATIONAL SURETY CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   May 23, 1903.)

No. 166.

**1. UNITED STATES—POST OFFICE—MAIL ROUTES—BONDS—ENFORCEMENT.**
  Where defendant executed a bond as surety for the performance of a certain mail route contract, it was no defense to an action thereon that the government had taken a proposal bond covering the same liability prior to the execution of the bond in suit, and that an action brought to enforce the same had been voluntarily dismissed.

**2. SAME.**
  Where the United States took a proposal bond securing performance of a mail route contract, and after letting the contract required another bond from the contractor, each obligation was an independent undertaking, and the second obligation did not stand as a guaranty for the performance of the first.

**3. SAME—EVIDENCE—POST OFFICE DEPARTMENT—LETTER OF AUDITOR.**
  In an action on a bond securing performance of a mail route contract, a single letter of the auditor of the post office department that on a similar contract, in which defendant was surety for another, it would only be liable after the sureties on the proposal bond failed to pay the damage, was irrelevant.

In Error to the Circuit Court of the United States for the Southern District of New York.

W. J. Griffin, for plaintiff in error.
Arthur M. King, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge.   This is a writ of error by the defendant in the court below.   The action was brought to enforce a contract dated December 21, 1895, made between the plaintiff and one Colegrove as principal, and the defendant as surety, for the carrying of the mail on route No. 220,012 by Colegrove.   Upon the trial it appeared that Colegrove neglected to perform the service contracted for, and the court directed a verdict for the damages sustained by plaintiff by reason of the default.

Upon the trial the defendant offered to prove that on the 28th of October, 1895, the defendant Colegrove as principal, together with Towles and Hughes as sureties, executed and delivered a bond for the payment of $2,500 to the plaintiff, conditioned that if Colegrove, after his bid for carrying the mail on route No. 220,012 should be accepted by the government, would enter into a contract with the government with surety to perform the service proposed in his bid, and further should perform said service according to his contract, then the obligation to be void; otherwise in full force.   The defendant also offered to prove that before the commencement of the present

action the plaintiff instituted an action in the United States Circuit Court for the Southern District of Florida against Colegrove, Towles, and Hughes to recover upon the same cause of action as alleged in the complaint in this action, and to recover the same amount of damages, and that on August 29, 1902, upon a præcipe filed by the plaintiff in that action same was dismissed. The defendant also offered in evidence a letter sent to the defendant by the auditor of the Post Office Department in November, 1897, informing the defendant that on a similar contract in which it had been surety for one Price it would only be liable "after the sureties on the proposal bond failed to pay the amount of said damage." The court excluded the evidence thus offered by the defendant, and error is assigned of this ruling.

Briefly stated, the principal question raised by the assignments of error is whether, in an action against a surety to enforce a contract made by his principal with the government, it is a defense that previous to the time when the surety entered into his obligation the government had taken the obligation of another surety for the performance by the principal of the same contract. We are aware of no rule of law that requires a creditor who has the obligation of two different sureties for the performance of one and the same contract by a principal to enforce one before the other. They are concurrent securities for the same debt or demand, and the creditor has the option to proceed for the enforcement of either at his election. This being so, it was wholly immaterial that the government did not see fit to enforce the obligation upon which Towles and Hughes were liable, or that, having brought an action for that purpose, the action was discontinued.

There is no merit in the contention that the second obligation in terms, or within the contemplation of the statutes of the United States, stands as a guaranty for the performance of the first obligation. Each obligation is an independent undertaking that the principal shall perform a given contract, and that the surety shall make any default in performance good.

The letter of the auditor of the Post Office Department was properly excluded from the trial. Upon no conceivable theory was his construction of the meaning of a similar obligation, evidenced by a single letter written by him after the defendant's liability accrued, of any value or relevancy. It was not evidence showing any uniform construction of the statute under which the first obligation was taken by the officers charged with the duty of executing the statute. If any such uniform construction had been shown, it could not prevail in a case where there was no question of doubtful interpretation of the statute. As tending to show his construction of the meaning of the defendant's obligation, it was manifestly incompetent.

The judgment is affirmed.