UNITED STATES FIDELITY AND GUARANTY COMPANY, A CORPORATION, *Plaintiff in Error*, v. CITY OF PENSACOLA, *Defendant in Error*.

Opinion Filed November 24, 1914.

The obligation of a surety company's bond that a bank "shall well and truly keep and preserve the funds of the city now deposited or which may hereafter be deposited with it as such depository of city funds, and shall faithfully account for and pay over all moneys which may be deposited with it" during a stated period, covers all moneys deposited during the contemplated period and continues as to such deposits, though the time had expired during which deposits could be made under the protection of the bond.

Writ of error to Circuit Court for Escambia County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*Watson & Pasco*, for Plaintiff in Error:

*J. B. Jones* and *Blount & Blount & Carter,* for Defendant in Error.

WHITFIELD, J.—The City of Pensacola brought an action on a bond for $50,000.00 executed by the fidelity and guaranty company to "faithfully account for and pay over" all moneys deposited in the Pensacola State Bank from the date of the bond to November 1, 1913. It is alleged that the city had on deposit in the bank more than $146,000.00; that on December 5, 1913, the bank suspended payment and defaulted in payment of said deposits. The condition of the bond is as follows:

"The condition of this obligation is such that, whereas, the above bounden the Pensacola State Bank was heretofore duly designated by said city, in conformity with Chapter 5835, Laws of Florida, depository of the funds of said City of Pensacola for the year beginning on the first day of November, 1912, and ending on the first day of November, 1913, and as such depository of city funds, it has been required by a resolution adopted by the Council of said city to give and furnish the city a bond, or security, for the funds now deposited, or to be hereafter deposited, with it, in the above named sum of $50,000.00, in addition to, and exclusive of, the amount of the bond of $75,000.00, with the Maryland Casualty Company as surety, heretofore executed and delivered to said city on the first day of November, A. D. 1912.

Now, if the said Pensacola State Bank, shall well and truly keep and preserve the funds of said city now deposited or which may be hereafter deposited, with it, as such depository of city funds, and shall faithfully account for, and pay over, all moneys which may be deposited with it as aforesaid, and from time to time honor such warrants as may be lawfully drawn against said sum, not to ex-

ceed the amount on deposit at the time of the presentment of said warrants, then this obligation to be null and void, else to remain in full force and virtue, as security in addition to, and independent of, the aforesaid Bond of November 1, 1912, which said last mentioned Bond shall also remain in full force and effect."

A demurrer to the declaration was overruled and the defendant filed the following pleas:

"1.   That after November 1st, 1913, and after the time of the termination of the contract of the Pensacola State Bank as depository for city moneys, which was 11/1/1913, the plaintiff continued to make its deposits in said Pensacola State Bank in the same manner and in every respect as it had done prior to the said date, and received from said bank statements of its account.

Wherefore, the defendant says that the plaintiff, by its course of conduct aforesaid, constituted said bank depository for the city moneys without bond and thereby released this defendant from all obligation on the bond set forth and mentioned in the declaration.

2.   That after November 1st, and while the Pensacola State Bank was a going concern, paying all checks of its customers having funds on deposit with it to meet such checks, this defendant demanded of the Commissioners of the City of Pensacola that they demand and collect in behalf of said city from said bank the funds deposited therein by said plaintiff, but said Commissioners failed and neglected so to do.

3.   That prior to the time of the execution of the bond sued on the plaintiff took from said Pensacola State Bank a bond substantially the same in conditions and terms as the bond mentioned and described in the declaration, the surety on said bond being the Maryland Casualty Com-

pany, and the amount of said bond being $75,000.00, that the remedy of the plaintiff is in every respect as available and effective on said bond as on the bond sued on, and said surety is solvent and able to respond to and satis°y any judgment that may be obtained against it; that after crediting the amounts drawn out of said bank after October 31st, 1913, and after crediting the dividends collected from the Receivers of the said bank by the city, the balance due to said city from said Pensacola State Bank on account of the deposits made prior to November 1st, 1913, is less than $75,000.00.

4.   No demand was made by said city upon the said Pensacola State Bank on or before the 1st day of November, A. D. 1914, for payment of the same sums on deposit in said bank by the said City of Pensacola.

5.   There was no default or refusal on the part of the said Pensacola State Bank on or prior to November 1st, 1913, to pay any demand or warrant by the said City of Pensacola for or upon any of the said deposits of said city in said bank.

6.   No demand was made by said city upon the said Pensacola State Bank on or before the suspension of said bank on the 4th day of December, A. D. 1913, for payment for the sums on deposit in said bank by the said City of Pensacola.

7.   There was no default or refusal on the part of the said Pensacola State Bank on or before the suspension of said bank on the 4th day of December, A. D. 1913, to pay any demand or warrant by the said City of Pensacola for or upon any of the said deposits of said city in said bank.

8.   There was no default or refusal on the part of the said Pensacola State Bank on or before the suspension of said bank on the 4th day of December, A. D. 1913, to pay

any demand or warrant by the said City of Pensacola for or upon any of the said deposits of said city in said bank, and no liquidation of the affairs of said bank or ascertainment of what deficiency if any in the payment of depositors will result therefrom as yet has been had.

9. That on the 3rd day of December, A. D. 1913, the day prior to the suspension of said bank the said city was urged by the agent of defendant to withdraw the said deposits from the said bank because of the unstable condition of the said bank and it failed and refused so to do."

A further plea was filed as follows:

"That the said Pensacola State Bank was the depository of the funds of the City of Pensacola, duly designated from November 1st, 1912, to November 1st, 1913, and on or about November 1st, 1913, said bank was designated and was notified by said city that it had been designated as depository of the funds of the City of Pensacola for another year, commencing November 1st, 1913, and thereupon rendered to the city a statement of the funds then on hand, and with the consent of the said city kept the funds already deposited with it and received further deposits of funds of said city up to and beyond December 1st, 1913, by reason whereof the defendant alleges that the said bank accounted to the said city for the said funds and its liability for funds deposited prior to November 1st, 1913, was terminated."

Demurrers to these pleas were sustained and the defendant not desiring to plead over, final judgment for the plaintiff was rendered and the defendant took writ of error.

The contentions here require a construction of the condition of the bond as above quoted.

It is argued that under the terms of the bond the defendant company is not liable except for defaults occurring during the year from November 1st, 1912, to November 1st, 1913, and that this defendant's liability does not accrue until after the exhaustion of the bond given by the Maryland Casualty Company, and referred to in the defendant's bond. These contentions do not accord with the express terms and the manifest purpose of the bond. The bond was executed January 11th, 1913, and the condition is that the Bank "shall well and truly keep and preserve the funds of said city now deposited or which may be hereafter deposited with it as such depository of city funds, and shall faithfully account for and pay over all moneys which may be deposited with it as aforesaid." Under this express condition the defendant company is liable if the bank does not "account for and *pay over* all moneys" deposited with the Bank on January 11th, 1913, and to November 1st, 1913. It is alleged in effect that the bank has not paid over all the moneys received by it as the city depository between the dates just mentioned, and that until this is done or the obligation of the bond is otherwise discharged, the defendant is liable. The mere fact that the period contemplated by the bond for making deposits with the bank as the city depository expired before the bank failed, does not relieve the defendant from the obligation of its bond that the bank "shall faithfully account for and pay over all moneys" deposited by the city during the period contemplated, if the bank does not in fact pay over or the obligation to do so is not otherwise extinguished. The obligation was not merely to insure or secure the payment of warrants drawn by the city on its deposits during the contemplated period, but to *pay over* all moneys received on deposit by the bank from the city during the stated period. The obligation to

pay over all moneys deposited during the contemplated period continued though the time had expired during which deposits could be made under the protection of the bond.

The obligation of the defendant's bond was expressly made "in addition to, and exclusive of, the amount of the bond of $75,000.00 with the Maryland Casualty Company as surety, heretofore executed and delivered to said city on the first day of November, A. D. 1912," and until the condition is performed "to remain in full force and virtue, as security in addition to, and independent of, the aforesaid bond of November 1st, 1912, which said last mentioned bond shall also remain in full force and effect." Under these express provisions it cannot successfully be claimed that the defendant's liability on its bond does not accrue until the bond of the American Casualty Company is exhausted. See National Surety Co. v. United States, 59 C. C. A. 479, 123 Fed. Rep. 294.

A demurrer admits well pleaded statements of material facts, but does not admit conclusions that are unsustained by stated facts.

In admitting by demurrer the averments of the pleas that on or about November 1st, 1913, the bank was designated by the city as depository of the funds of the city for another year commencing November 1st, 1913, that thereupon the bank rendered to the city a statement of the funds then on hand, and with the consent of the city kept the funds already deposited with it, the plaintiff does not admit the asserted conclusion that "by reason of which * * * the bank accounted to the city for the said funds, and the liability of the defendant for funds deposited to November 1st, 1913, was thereby terminated." The facts stated do not sustain the asserted conclusions. Rendering

a statement of funds on hand is not an accounting for or a paying over of the funds under the provisions of the bond, and though the statement was in fact rendered as averred, the obligation of the bond was not "thereby terminated." Though the city designated the bank as city depository for another year and the bank rendered a statement of funds on hand, and with the assent of the city the bank kept on deposit the funds already deposited with it, the duty of the bank to pay such deposits to the city on demand, is not thereby satisfied, or the right of the city to demand payment in any wise affected or suspended. And the obligation of the defendant's bond that the bank "shall faithfully account for and pay over all moneys which may be deposited with it" by the city to November 1st, 1913, is not in law or in fact "thereby terminated." The bond does not limit the time within which a demand for payment of drafts or checks drawn against the deposited funds shall be made as apparently was held to be the case in United States Fidelity & Guaranty Co. v. American Bonding Co., —— Okla. ——, 122 Pac. Rep. 142. The averment of the plea that after November 1, 1913, the bank "received further deposits of funds from the city up to and beyond December 1, 1913," is immaterial since the obligation of the defendant's bond does not extend to deposits made after November 1st, 1913. The bond did not contemplate that all the moneys deposited to November 1st, 1913, should be demanded and paid during the period beginning with the date of the bond and ending November 1st, 1913. The facts that the statute required the depositories to be designated for a period not exceeding one year, and that the designation referred to in the bond expired November 1st, 1913, do not affect the obligation of the bond that the bank "shall faithfully account for and pay over all moneys" deposited to November 1st,

1913, even though the moneys were left on deposit after November 1st, 1913.

In effect the obligation of the defendant is that the bank "shall faithfully account for and pay over all moneys which may be deposited with it" by the city from the date of the bond to November 13th, 1913; and this obligation continues after November 1st, 1913, until all the moneys deposited to November 1st, 1913, by the city with the bank, have been "faithfully accounted for and paid over," or until the obligation is extinguished by the parties or by operation of law. The declaration shows a right of recovery on the bond. It does not appear from the admitted averments of the pleas that the right of the plaintiff or the duty of the bank, or the binding obligation of the defendant in the premises, has been extinguished or in any way affected by any act of the parties or by operation of law, therefore, a right of recovery appearing, and no valid defense being interposed, the judgment for the plaintiff rendered upon the adversary pleadings, is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.