STATE EX REL. BARNETT ET AL., RESPONDENTS, *v.* REY-
NOLDS, RECEIVER, ET AL., APPELLANTS.

(No. 5,363.)

(Submitted October 26, 1923. Decided November 1, 1923.)

[220 Pac. 525.]

*Attachment—Banks and Banking—Bonds—Suretyship—Guar-
anteeing Deposits—Contract for Direct Payment of Money.*

1. A bond in which the sureties unconditionally agreed to indemnify
a county treasurer for default of a bank to pay over to him on
demand any funds he might have on deposit therein was a con-
tract of surety and not of guaranty, by which they bound them-
selves to pay a fixed and definite sum not exceeding that named
in the bond, to-wit, the amount on deposit,—a contract for the
direct payment of money, warranting the issuance of an attachment
against the property of the sureties in an action on the bond.

*Appeal from District Court, Big Horn County; A. C. Spen-
cer, Judge.*

ACTION by the State of Montana, on the relation of Harvey
H. Barnett, Harvey H. Barnett, as County Treasurer of Big
Horn County, and Big Horn County, against S. G. Reynolds,
receiver of the Hardin State Bank, and others. From an
order overruling defendants' motion to dissolve an attachment,
defendants C. W. Greening, Walter O. Lee and Henry Skaug
appeal. Affirmed.

*Messrs. Guinn & Maddox* and *Mr. T. H. Burke,* for Ap-
pellants, submitted a brief; *Mr. C. C. Guinn* argued the cause
orally. *Mr. T. B. Wier* and *Mr. Hugh Adair,* of Counsel.

"An action against sureties on a bond conditioned to be
void if the principal perform his contract is not an action
on a contract, express or implied, for the direct payment of
money." (*Ancient Order of Hibernians* v. *Sparrow,* 29 Mont.
132, 101 Am. St. Rep. 563, 1 Ann. Cas. 144, 64 L. R. A.
128, 74 Pac. 197.) "An instrument, to be one, for the direct
payment of money, must be an instrument that admits of an

existing debt.   Accordingly, a bond conditioned to be void if the principal perform his contract is not a contract by the sureties for the direct payment of money.''   (2 R. C. L. 813.)   ''A conditional obligation is one in which the rights of the parties depend upon the occurrence of an uncertain event.''   (*Porter* v. *Plymouth Gold Min. Co.*, 29 Mont. 347, 349, 101 Am. St. Rep. 569, 74 Pac. 938; sec. 7400, Rev. Codes 1921.)

It has been held in this state that the word ''direct'' means immediate, express, unambiguous, confessed, absolute (*Ancient Order of Hibernians* v. *Sparrow*, 29 Mont. 132, 137, 101 Am. St. Rep. 563, 1 Ann. Cas. 144, 64 L. R. A. 128, 74 Pac. 197), and this meaning of the word has been reaffirmed in the case of *Square Butte State Bank* v. *Ballard*, 64 Mont. 554, 562, 210 Pac. 889, and in *Beartooth Stock Co.* v. *Grosscup*, 57 Mont. 595, 189 Pac. 773.   The words ''direct payment'' mean absolute, unconditional, free from intervening agencies or conditions.   (*Ross* v. *Gold Ridge Min. Co.*, 14 Idaho, 687, 95 Pac. 821.)

This court has held in the case of *Carter* v. *Bankers' Ins. Co.*, 58 Mont. 319, 192 Pac. 827, that where the obligation assumed by the sureties was to compensate the plaintiff for loss suffered by it by reason of the default of the principal, such a contract falls within the rule laid down in the case of *Ancient Order of Hibernians* v. *Sparrow, supra;* and that regardless of whether the contract was collateral or a contract of suretyship the same rule applies.   This holding is reaffirmed in the case of *Square Butte State Bank* v. *Ballard*, 64 Mont. 554, 210 Pac. 889.   In the latter case it is held that section 8171, Revised Codes of Montana of 1921, providing that ''a guaranty is a promise to answer for the debt, default or miscarriage of another,'' alone determines the character of the contract and that whether the contract measures up to the standard prescribed for a contract of guaranty by authorities from other jurisdictions is beside the question.   It is the contention of appellants that according to the wording

of the bond upon which this action is maintained, their contract was not one which recognized upon its face the existence of a debt which they were to pay absolutely and unconditionally at a specific time, but that their contract was one which might never ripen and one which could only mature upon the happening of one or more contingencies. This being true, their contract comes within the rules repeatedly laid down by this court in the cases cited above.

*Mr. Louis E. Haven* and *Mr. C. F. Gillette,* for Respondents, submitted a brief; *Mr. Haven* argued the cause orally.

Appellants' liability is that of surety as distinguished from that of guaranty. Tried by this distinction laid down by this court and declared by statute, the cases of *Ancient Order of Hibernians* v. *Sparrow,* 29 Mont. 132, 101 Am. St. Rep. 563, 1 Ann. Cas. 144, 64 L. R. A. 128, 74 Pac. 197, and *Square Butte State Bank* v. *Ballard,* 64 Mont. 554, 210 Pac. 889, are to be distinguished from the case at bar, and by reason of this distinction become authority for the rule for which respondents contend. In both the *Sparrow Case* and the *Square Butte State Bank Case* the contract was a contract of guaranty and not of surety as in the case before the court. (See, also, *Cole Mfg. Co.* v. *Morton,* 24 Mont. 58, 60 Pac. 587; *United States* v. *State Bank of North Carolina,* 6 Pet. (U. S.) 29, 8 L. Ed. 308 [see, also, Rose's U. S. Notes]; *Brown* v. *Board of County Commrs.,* 58 Kan. 672, 50 Pac. 888; *Zimmerman* v. *Chelsea Savings Bank,* 161 Mich. 691, 125 N. W. 424.)

MR. JUSTICE GALEN delivered the opinion of the court.

In this case it appears that the Hardin State Bank, a corporation, executed a bond to secure the deposit with it of certain moneys belonging to the county of Big Horn, made by Harvey H. Barnett, as county treasurer of Big Horn county, Montana. The principal amount of the bond is the sum of $75,000. It was executed by the bank as principal, and

the several sureties whose names are subscribed thereto, on January 2, 1923, in favor of "Harvey H. Barnett, treasurer of Big Horn county, Montana, his successors in office, and the state of Montana." The condition of the bond reads as follows:

"Now, therefore, the condition of the above obligation is such that, if the said principal shall during the term beginning at 9 o'clock A. M. on the 2d day of January, 1923, and ending with the close of banking hours on the 2d day of January, 1924, well and faithfully perform the trust reposed in it by such designation, and shall pay all funds and money so deposited with it, either on legal order or on check or draft of Harvey H. Barnett, treasurer of Big Horn county, Montana, or his successors in office, and shall well and truly indemnify the said obligee from any and all losses which it may suffer or sustain during the period as aforesaid, by reason of the designation of said principal as such depository aforesaid, then this obligation to be void; otherwise, to remain in full force and virtue."

In the complaint it is alleged that the bank made default in payment of the county funds so deposited with it pursuant to the terms of the bond, upon the presentation of two checks covering the full amount of the county funds on deposit, amounting to $74,372.05. This action was instituted to recover on the bond the amount of such deposit, and property belonging to the defendants who had signed the bond as sureties was attached. Motion was made to dissolve the attachment, which was denied. L. Q. Skelton, superintendent of banks of the state of Montana, and the Hardin State Bank, together with the several sureties on the bond, were made parties defendant. By stipulation the action was dismissed as to Skelton and the bank, and S. G. Reynolds, as receiver of the Hardin State Bank, substituted for them as party defendant. The defendants Walter O. Lee, C. W. Greening and Henry Skaug have prosecuted appeal to this court from the order overruling defendants' motion to dissolve the attachment.

576    State ex rel. Barnett *v.* Reynolds et al.    [Oct. T. '23

[68 Mont. 572.]

But one question arises determinative of the case, namely:
[1] Was an attachment of the defendants' property war-
ranted? The statute provides that: "The plaintiff, at the
time of issuing the summons, or at any time afterward, may
have the property of the defendant attached, as security for
the satisfaction of any judgment that may be recovered,
* * * in an action upon a contract, express or implied, for
the direct payment of money." (Sec. 9256, Rev. Codes 1921.)

Question arises at once as to whether the action is based
upon a contract, express or implied, for the direct payment of
money. Appellants contend that, as sureties, they are liable
on the bond only to the extent of the amount of loss sustained
by the plaintiff, which must be first ascertained by trial;
that until so ascertained the amount due is unliquidated, and
therefore in an action on the bond an attachment will not lie
against them. In answering this contention we must first de-
termine whether the contract is one of guaranty or suretyship.
A contract of guaranty is defined as: "A promise to answer
for the debt, default, or miscarriage of another person."
(Sec. 8171, Rev. Codes 1921.) "A surety is one who, at the
request of another, and for the purpose of securing to him
a benefit, becomes responsible for the performance by the
latter of some act in favor of a third person, or hypothecates
property as security therefor." (*Id.*, sec. 8195.) Thus it
will be seen that the two contracts are easily differentiated.
"A contract of guaranty is distinguishable from one of surety,
in that the former is an independent contract whereby the
promisor is bound independently of the person for whose
benefit it is made, while the latter is a contract whereby the
promisor is bound jointly with the principal on the same con-
tract." (*Emerson-Brantingham I. Co.* v. *Raugstad*, 65 Mont.
297, 211 Pac. 305; see, also, *Cole Mfg. Co.* v. *Morton*, 24 Mont.
58, 60 Pac. 587; *Square Butte State Bank* v. *Ballard*, 64
Mont. 554, 210 Pac. 889.)

The distinction is clearly pointed out by Professor Stearns
in his excellent work on Suretyship, as follows: "A surety

joins in the contract of the principal, and becomes an original party with the principal. The guarantor does not join in the contract of his principal, but engages in an independent undertaking. A surety promises to do the same thing which the principal undertakes; the guarantor promises that the principal will perform his agreement, and, if he does not, then he, the guarantor, will do it for him. The liability of the surety is immediate and direct. He agrees that he will perform the principal contract, fixing upon himself the responsibility from the beginning. If, however, the promise is that the principal will pay, or that the debt is collectible, or that the principal is solvent, then the liability is not immediate, and does not fix upon the promisor a liability from the beginning, but only upon default or failure of the principal to do what it is agreed he shall do. In such a case the promisor is a guarantor." (Stearns on Suretyship (Cook's 3d ed.), sec. 6; see, also, *Nading* v. *McGregor,* 121 Ind. 465, 6 L. R. A. 686, 23 N. E. 283; *Cole Mfg. Co.* v. *Morton, supra;* 12 R. C. L. 1057.)

The terms of the contract determine its proper category. Clearly in this instance it is one of surety, for by the execution of the bond the sureties who signed it became liable to the county treasurer and the state of Montana in any amount not exceeding $75,000, if the bank failed to pay over, "either on legal order, or check, or draft," all funds deposited. Here checks appear to have been properly made and presented for the entire amount on deposit with the bank, which refused payment. Thereby the liabilities of the sureties, at all times definite and certain, became absolute. The contract was not one collateral to the performance of another agreement, as in the case of *Ancient Order of Hibernians* v. *Sparrow,* 29 Mont. 132, 101 Am. St. Rep. 563, 1 Ann. Cas. 144, 64 L. R. A. 128, 74 Pac. 197, cited and relied upon by the appellants. The *Sparrow Case* is easily classified as one involving a contract of guaranty, for in it the liability of the sureties did not arise until the failure of the building contractor to per-

form his contract. Upon the building contractor's failure to· carry out his contract, the liability of the sureties on the bond was unliquidated and uncertain, to be ascertained only by a trial. It was properly held in that case that such a contract would not sustain an attachment.

Other Montana cases cited to sustain appellants' contention are not in point. *Beartooth Stock Co.* v. *Grosscup,* 57 Mont. 595, 189 Pac. 773, was an action for damages by the buyer of hay at an agreed price per ton, to recover from the seller because of the inferior quality of the hay delivered. The amount due, if anything, not being liquidated, it was properly held that an attachment would not lie. *Square Butte State Bank* v. *Ballard, supra,* involves a contract of guaranty. It was held, in an action to enforce the guaranty, that an attachment was properly dissolved, as the plaintiff could not state a cause of action on the contract against the guarantor unless and until the principal had failed to pay the obligation.

Where the contract is for the payment of a definite sum of money unconditionally, it is a contract for the direct payment of money and will sustain an attachment. (3 Cal. Jur. 415; 2 R. C. L. 813.) Here the agreement is not one of indemnity, but an absolute contract, whereby the sureties bind themselves to pay a fixed and definite sum of money, upon the failure of the depository to pay over the amount on deposit. It is not made dependent on any other agreement, and the sureties specifically obligate themselves as principals. It is a contract for the direct payment of money, and warranted the issuance of an attachment against the property of the appellants.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.

Rehearing denied November 28, 1923.