THE HON. WILLIAM L. HOLLOWAY,
THE HON. ALBERT J. GALEN,
THE HON. ALBERT P. STARK,
THE HON. JOHN A. MATTHEWS,
} Associate Justices.

---

STATE EX REL. NAUMAN ET AL., RESPONDENTS, *v.* PON-
DERA VALLEY STATE BANK ET AL., DEFENDANTS;
BENNETT, TRUSTEE, INTERVENER AND APPELLANT.

(No. 5,949.)

(Submitted June 22, 1926. Decided July 8, 1926.)

[248 Pac. 207.]

*Attachment—Depository Bonds—Contracts for Direct Payment
of Money—Affidavit—Sufficiency—Action Against Several
Defendants in Different Amounts—Writ—When Sufficient—
Complaint—Amendment After Issuance of Writ—Effect on
Sufficiency of Writ.*

Attachment—Depository Bond a Contract for Direct Payment of Money.
1. A bond given in pursuance to section 4767, Revised Codes
of 1921, to insure the safety and prompt payment of county
funds deposited by the county treasurer (disregarding an unin-
telligible clause therein), *held* a contract for the direct payment of

---

1. See 2 R. C. L. 813.

77 Mont.—1                 (1)

money, warranting the issuance of a writ of attachment against the property of the sureties in an action to recover thereon.

Surety Bonds—Additional Bonds—Liability of Sureties.
2. Where a personal bond is given to secure county deposits "in addition to" other bonds furnished by surety companies, the liability of the sureties on the former is not postponed until the corporation bonds have been exhausted.

Attachment—Affidavit Alleging Interest—Sufficiency.
3. An affidavit on attachment which alleges specific indebtedness of the defendant in a principal sum is not vitiated by reference to interest, but is sufficient to sustain the attachment to the extent of the principal sum at least.

Same—Complaint Demanding Different Amounts from Several Defendants—Contents of Writ.
4. When the complaint on which a writ of attachment is issued demands different amounts from several defendants, the writ must conform to the complaint in that respect and direct the attachment of so much property of the respective defendants as will secure the amount alleged to be due from each one.

Same—Amendment of Complaint After Issuance of Writ—Effect.
5. Where after a writ of attachment was issued the complaint was amended to show a reduction of the amount of the indebtedness due from defendant sureties because of payments made by other sureties on their bonds, the writ issued was not rendered invalid thereby; having conformed to the demand made in the original complaint, it was not rendered void by what transpired thereafter.

---

[1, 2]  Attachment, 6 C. J., sec. 104, p. 76, n. 79 New.  Depositaries, 18 C. J., sec. 62, p. 588, n. 11, 12.
[3]  Attachment, 6 C. J., sec. 192, p. 127, n. 57.
[4]  Attachment, 6 C. J., sec. 337, p. 185, n. 96.
[5]  Attachment, 6 C. J., sec. 337, p. 185, n. 96.

*Appeal from District Court, Pondera County; John J. Greene, Judge.*

ACTION by the State, on the relation of Charles E. Nauman, as Treasurer of Pondera County, and by Charles E. Nauman, as such Treasurer against the Pondera Valley State Bank and others, wherein Harry P. Bennett, trustee in bankruptcy of Jacob Mills, intervene. From an order denying intervener's motion to discharge an attachment, he appeals. Affirmed.

*Mr. F. W. Mettler* and *Mr. E. G. Toomey,* for Appellant, submitted a brief, and argued the cause orally.

The affidavit for attachment is insufficient. (*Duluth Brewing & Malting Co.* v. *Allen,* 51 Mont. 89, 91, 149 Pac. 494;

---

5. See 2 R. C. L. 851.

*Continental Oil Co.* v. *Jameson,* 53 Mont. 466, 469, 164 Pac. 727.) It is not a substantial compliance with the statute to set forth in the affidavit that the indebtedness is $53,270.26, when in fact it is only $35,000, as the writ shows, nor is it such a compliance to disregard such affidavit and issue the writ for a less amount than that so set forth in the affidavit. (*Porter* v. *Plymouth Gold Min. Co.,* 29 Mont. 347, 101 Am. St. Rep. 569, 74 Pac. 939.)

The writ of attachment is defective. A motion to discharge on the ground that the writ does not conform to the demands of the complaint should be granted, where the amount stated in the writ is greater than that shown by the complaint to be claimed as due and owing. (*Jenkins* v. *First National Bank et al.,* 73 Mont. 110, 118, 236 Pac. 1085.)

The contract is one°of guaranty, not surety. (*Square Butte State Bank* v. *Ballard,* 64 Mont. 554, 210 Pac. 889.)

*Mr. R. M. Hattersley,* and *Messrs. Hartman & Ford,* for Respondents, submitted a brief; *Mr. S. C. Ford* argued the cause orally.

The affidavit for attachment is sufficient under section 9257, Revised Codes. (6 C. J. 118.) If it was insufficient, in the furtherance of justice, the district court should have permitted the plaintiffs to file the amended affidavit tendered. (Sec. 9284, Rev. Codes 1921; *Jenkins* v. *First Nat. Bank,* 73 Mont. 117, 236 Pac. 1085; *Wilson* v. *Barbour,* 21 Mont. 176, 53 Pac. 315; *Newell* v. *Whitewell,* 16 Mont. 243, 40 Pac. 866; *Pierse* v. *Mills,* 5 Mont. 549, 6 Pac. 347.)

The writ of attachment is not defective. (*Wilson* v. *Barbour,* 21 Mont. 176, 53 Pac. 315.)

The contract is one of surety. (*Jenkins* v. *First Nat. Bank,* 73 Mont. 110, 236 Pac. 1085; *State ex rel. Barnett* v. *Reynolds,* 68 Mont. 572, 220 Pac. 525; *Case Manufacturing Co.* v. *Morton,* 24 Mont. 58, 60 Pac. 587; *Emerson Brantingham Impl. Co.* v. *Raugstad,* 65 Mont. 297, 211 Pac. 305; *Nading* v. *McGregor,* 121 Ind. 465, 6 L. R. A. 686, 23 N. E. 283; secs. 8195 and 8171, Rev. Codes 1921.)

"Bonds are to be treated as cumulative where this is the intention of the parties, and where a bond is expressly in addition to and exclusive of another bond for the same period, liability thereon accrues before the other bond is exhausted." (18 C. J. 588; *United States F. & G. Co.* v. *City of Pensacola,* 68 Fla. 357, Ann. Cas. 1916B, 1236, 67 South. 87; *National Surety Co.* v. *United States,* 123 Fed. 294, 59 C. C. A. 479.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The Pondera Valley State Bank was duly designated a depositary for public funds in the hands of the county treasurer of Pondera county, and on January 15, 1923, it executed and delivered to the treasurer its bond in the sum of $105,000 to secure the county against loss by reason of deposits made or to be made. The bond was signed by the bank as principal and by the following named sureties, each of whom assumed liability in the amount set opposite his name, to-wit: Jacob Mills, $35,000; Daniel Boyle, $35,000; W. A. Bell, $17,500; C. T. Dusell, $17,500. The bond was delivered to the treasurer, and was approved by the board of county commissioners. On January 12, 1924, the bank failed in business and was closed. At that time it had on deposit to the credit of the treasurer $53,270.26, and this deposit was secured further in part by two corporation bonds—the bond of the Aetna Casualty & Security Company for $7,500, and the bond of the National Surety Company for $15,000. A demand for payment of the amount was refused, and on February 23, 1924, this action was commenced to enforce the obligation of the personal bond first mentioned above. A writ of attachment was procured, and property belonging to Mr. Mills was seized. On February 13, 1924, the Aetna Casualty & Security Company paid to the treasurer $7,500, and on April 5, 1924, the National Surety Company paid to him $15,000. On October 15, 1924, Mr. Mills was adjudged bankrupt, and on October 27, Harry P. Bennett was appointed trustee of the bankrupt estate. On October 29, 1925, Mr. Mills died testate, and his widow was duly appointed executrix of

the will.    On November 17, 1925, Mr. Bennett, as such trustee, filed in this action his complaint in intervention in which he claimed, for the bankrupt estate, the property which had been attached.    On December 11, 1925, an amended and supplemental complaint was filed by the plaintiffs, in which the then treasurer was substituted for the treasurer in office at the time the action was instituted; Mrs. Mills, as executrix, was substituted as a defendant in the place of Jacob Mills, deceased, and the payments made by the two corporation surety companies were admitted.    On January 5, 1926, the intervener moved to discharge the attachment on  the Mills property, and he has now appealed from the order overruling his motion.

Our statute provides that a plaintiff may have the property of a defendant attached "in an action upon a contract, express or implied, for the direct payment of money." (Sec. 9256, Rev. Codes 1921.)

1. It is insisted by the intervener that the bond in question [1, 2]   is not such a contract as is contemplated by the statute above.    It was given pursuant to section 4767, Revised Codes of 1921, and but for one paragraph it is similar to the bond considered in *State ex rel. Barnett* v. *Reynolds*, 68 Mont. 572, 220 Pac. 525, and is substantially identical with the bond involved in *Jenkins* v. *First Nat. Bank,* 73 Mont. 110, 236 Pac. 1085.    The paragraph in his bond, not found in the bond involved in either of those cases, and the like of which probably was never found elsewhere, reads as follows: "It is further understood and agreed that  this bond is given in addition to and not in conjunction with any other bonds and that this obligation shall not be construed as being cumulative, but any bonds given by the principal herein and being secured from a surety company for the benefit of the state of Montana, county of Pondera, or Ashford Locke or his successors in office shall be for the full amount therein, irrespective to these presents and that this clause is in addition to this obligation and not in substitution of any of the parts thereof."

Counsel for appellant say that this language "is a little ambiguous, and the word 'cumulative' should be rejected as be-

ing inconsistent with the main intention of the contract as disclosed by all other parts of it."

If the sentence, "and this obligation shall not be construed as being cumulative," should be disregarded, the bond would still be a bond in addition to the two corporation bonds, and the liability of the sureties would not be postponed until the corporation bonds were exhausted. (*United States F. & G. Co.* v. *Pensacola,* 68 Fla. 357, Ann. Cas. 1916B, 1236, 67 South. 87; *National Surety Co.* v. *United States,* 123 Fed. 294, 59 C. C. A. 479; 18 C. J. 588.)

If it were the intention of Mr. Mills and his cosureties that their liability should not arise until the corporation bonds were exhausted, surely some language could have been found to express that intention with reasonable clearness. We are unable to deduce such intention from the language which was employed.

In the complaint it is alleged that when this bond was approved it was deemed "necessary to insure the safety and prompt payment of all such deposits," and, for the purpose of the motion to discharge the attachment, that allegation is admitted to be true.

But we are not at liberty to remake this bond; it is the sureties' bond, and for the ambiguity and uncertainty in it they must be held responsible. (Sec. 7545, Rev. Codes 1921.) We are not able to say what the paragraph in question means, if it means anything. In the absence of it, the bond is a contract for the direct payment of money (*State ex rel. Barnett* v. *Reynolds,* above; *Jenkins* v. *First Nat. Bank,* above), and the intervener has not convinced us that the presence of this paragraph changes the nature of the obligation from what it would be otherwise.

2. Complaint is made of the affidavit which was filed as a [3] prerequisite to the issuance of the writ of attachment, and of the writ itself.

Section 9257, Revised Codes of 1921, prescribes the matters which the affidavit must disclose, among them, the amount of the indebtedness over and above all legal counterclaims. The affidavit states that the defendants are indebted to the plain-

tiffs ''in the sum of $53,270.26, with interest figured on daily balances at the rate of 2½% per annum, * * * all of which will more fully appear in the complaint on file in said action, reference to which is hereby made.''

Counsel for appellant contend that the amount of the indebtedness is left open to computation; but the authorities hold generally that, under a statute like ours, an affidavit which alleges a specific indebtedness of the defendant to the plaintiff in a principal sum, is not vitiated by a reference to interest. Such an affidavit is sufficient to sustain the attachment to the extent of the principal sum at least. (3 Cal. Jur. 440; *Tibbet* v. *Sue,* 122 Cal. 206, 54 Pac. 741.)

The complaint demands judgment against the bank for $53,270.26, against Mr. Mills for $35,000, and against each [4] of the other sureties for the amount for which he assumed liability. Section 9260, Revised Codes, provides: ''The writ must be directed to the sheriff of any county in which property of such defendant may be, and must require him to attach and safely keep all the property of such defendant within his county not exempt from execution, or so much thereof as may be sufficient to satisfy the plaintiff's demand, *the amount of which must be stated in conformity with the complaint,''* etc. It follows that, whenever a complaint demands different amounts from several defendants, the writ must conform to the complaint in that respect and direct the attachment of so much property of the respective defendants as will secure the amount alleged to be due from each one. (*Kennedy* v. *California Savings Bank,* 97 Cal. 93, 33 Am. St. Rep. 163, 31 Pac. 846; *Bowers* v. *Bank,* 3 Utah, 417, 4 Pac. 225.)

The writ is issued by the clerk of the court (sec. 9257), and the writ in question follows substantially the demands of the complaint. ''When the writ so states the amount of the demand, in conformity with that portion of the complaint setting up such demand, the ministerial duty of the clerk in that behalf is duly performed, and the statutory requirement is satisfied.'' (*Wilson* v. *Barbour,* 21 Mont. 176, 53 Pac. 315.)

But it is contended that the writ does not conform to the demand made in the amended and supplemental complaint, [5] and this is true. After this action was commenced, and after the writ was issued, the two corporation surety companies paid $22,500, thereby reducing the indebtedness of the bank to $30,770.26; but, if the writ were valid at the time it was issued, it was not rendered invalid by what transpired thereafter.

Neither the affidavit nor the writ is subject to the particular objections made to it. The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.