COUNTY OF OTTAWA *v.* AMERICAN SURETY COMPANY
OF NEW YORK.

1. DEPOSITARIES — BONDS — STATUTES — RESTRICTIVE CONDITIONS — SURPLUSAGE.

Since generally the existing law becomes a part of a statutory bond, so that omitted conditions required by law are read into the bond and limiting or restrictive conditions not required by statute are read out of it as surplusage, provision of statute that depository bond ''shall be conditioned for the safekeeping and repayment of such moneys or any part thereof on demand and the payment of said interest'' would be read into bond of depository of county moneys and restrictive provision requiring a demand or notice of default in conflict with the statute read out as surplusage (1 Comp. Laws 1929, § 1195).

2. SAME—BONDS—DEMAND AFTER EXPIRATION OF TERM.

Depository bonds securing the safekeeping and repayment of county funds are security for moneys deposited with the depository during the term of the bond but demand for repayment need not be made during the term of the bond as the county is allowed a reasonable time after the expiration of the bond in which to demand a return of the money deposited (1 Comp. Laws 1929, § 1195).

3. SAME—EXPIRATION OF BOND—PROPORTION OF RISK.

Depository bond securing safekeeping and repayment of county funds, which was effective only until January 1, 1932, fully secured deposits made prior to that date, so that after default of bank on January 11, 1932, county had the right to recover the amount of its deposit from surety thereon as well as from surety whose bond expired subsequent to date of default, each surety being liable to extent of proportionate risk it had assumed (1 Comp. Laws 1929, § 1195).

Appeal from Ottawa; Miles (Fred T.), J. Submitted January 11, 1940. (Docket No. 29, Calendar No. 40,899.) Decided March 15, 1940. Rehearing denied June 18, 1940.

Bill by County of Ottawa, a municipal corporation, against American Surety Company of New York, a foreign corporation, Michigan Surety Company, a Michigan corporation, and others for a decree declaring rights of parties to depository bonds. Decree for plaintiff against American Surety Company of New York and Michigan Surety Company. American Surety Company of New York appeals. Plaintiff cross-appeals. Affirmed.

*Butzel, Levin & Winston,* for defendant American Surety Company.

*Shields, Ballard, Jennings & Taber,* for defendant Michigan Surety Company.

CHANDLER, J. This is a suit for a declaratory judgment to secure a determination of the respective rights and liabilities of the defendant sureties as between themselves and as between them and the plaintiff county. The case was dismissed against all the defendants except the two involved in this appeal, the American Surety Company, appellant, and the Michigan Surety Company, cross-appellee. These two companies issued depository bonds in favor of the county of Ottawa, securing the funds of the county in the Peoples State Bank of Holland. The bank suspended on January 11, 1932, on which date the county had $11,971.49 on deposit. The bank had secured the depository bonds required by the statute, 1 Comp. Laws 1929, § 1193 *et seq.* (Stat. Ann. § 5.531 *et seq.*), one from the Michigan Surety Company in the amount of $10,000, dated January 31, 1931, containing the following language:

"The term of this bond begins on the 2d day of February, 1931, at 9 a. m., at the address of the

principal above given, and ends at the close of business on the 1st day of February, 1932. * * *

"This bond shall be absolutely void at the end of the term hereof, unless prior thereto the principal shall have suspended payment or failed or refused to pay on legal demand, as aforesaid."

The bond executed by the American Surety Company, dated February 9, 1931, contained the following:

"The term of this bond begins on the 1st day of January, 1931, at 9 A. M., at the address of the principal above given, and ends at the close of business on the 1st day of January, 1932. * * * On that date, if the principal shall not have suspended payment, or failed or refused to pay on legal demand as aforesaid, all liability hereunder shall terminate."

The correspondence introduced into evidence discloses the nature of the transactions which occurred in securing the bonds. On January 27, 1931, the American Surety Company wrote the Michigan Surety Company as follows:

"Referring to the writer's conversation with you over the telephone yesterday afternoon, we are inclosing herewith a copy of the application of the Peoples State Bank of Holland, for a depository bond covering funds of Ottawa county. Also an itemized list of bank's bonds showing the par book value of same. The total amount of bond required by the bank is $150,000, and we have been authorized to write a bond of $50,000 with one-half reinsurance, and will be glad to have you participate in the risk, on a brokerage basis, up to the amount of our retention. Please advise us of your decision, as soon as possible and greatly oblige."

The Michigan Surety Company replied on January 31, 1931.

"In response to your letter of the 27th instant, we are pleased to say we will supply bond on behalf of the Peoples State Bank, of Holland, Michigan, in the sum of $10,000 and, in order to save time, we are submitting the executed bond herewith. In delivering same, please have application signed on our form and the same returned to us as early as convenient. We are making the bond effective February 2d.

"Advance annual premium is $60 which please collect and remit in due course less your brokerage commission of 20 per cent. Anticipating the early receipt of signed application, and thanking you for this business, we are, Very truly yours."

The American Surety bond was dated and executed on February 9, 1931, and filed with the county of Ottawa on or about February 10, 1931, together with the Michigan Surety bond. The county paid to the American Surety Company the premium on its bond amounting to $250, as well as the premium on the bond issued by the Michigan Surety Company which amounted to $60. The American Surety Company remitted the $60 to the Michigan Surety Company, less a brokerage fee of 20 per cent. The premiums on both bonds were for a term of one year.

The decree of the trial court found that the bond of the American Surety Company remained in full force and effect on January 11, 1932, and adjudged that said company was liable for five-sixths, and the Michigan Surety Company for one-sixth, of the funds on deposit in the principal bank.

This appeal was prosecuted by the American Surety Company, and the county has prosecuted a cross appeal to the end that if the decree should be reversed as to the American Surety Company, the Michigan Surety Company should be adjudged liable for the full amount of the balance. The Mich-

igan Surety Company as cross appellee seeks to have the decree of the trial court affirmed.

The question raised is: Can the American Surety Company be held liable on its bond for the default which occurred on January 11, 1932?

The instrument was a statutory depository bond issued under the provisions of 1 Comp. Laws 1929, § 1195 (Stat. Ann. § 5.533), which provides:

"Before any deposit shall be made with any bank or banks as aforesaid, such bank or banks shall execute and deliver to the board of supervisors or the board of county auditors, as the case may be, a good and sufficient bond in an amount at least equal to the maximum amount to be deposited in such bank, and with such sureties as shall be approved by such board and the prosecuting attorney of the county. Said bonds shall be made to the county and shall be conditioned for the safekeeping and repayment of such moneys or any part thereof on demand and the payment of said interest, and shall contain such other conditions as may be required by the board of supervisors or the board of county auditors, not inconsistent with the provisions of this act."

In determining the extent of liability and scope of these statutory depository bonds, this court has established the rule as stated in *Lawrence* v. *American Surety Co.*, 263 Mich. 586, 597 (88 A. L. R. 535), as follows:

"It is the general rule that existing law becomes part of a statutory bond, *i. e.*, one commanded or provided by statute, so that omitted conditions required by law are read into the bond, and conditions not so required, which limit or restrict liability, are read out of it as surplusage."

See, also, *County of Muskegon* v. *Michigan Surety Co.*, 264 Mich. 65; *County of Oakland* v. *Central West Casualty Co.*, 266 Mich. 438.

Following this rule, the conditions set forth in the statute must be read into the bond of the American Surety Company as follows:

"And shall be conditioned for the safekeeping *and repayment* of such moneys or any part thereof on demand, and the payment of said interest."

Furthermore, any condition in the bond restricting liability by requiring a demand or notice of default in conflict with the statutory condition must be read out of the bond as surplusage.

The total funds belonging to the county of Ottawa in the bank at the time of suspension of business had been deposited prior to December 31, 1931. This was during the stated term of the bond of the American Surety Company. There is much authority for the rule that a surety is liable for defaults occurring after the expiration of the bond to the extent of the funds deposited during the term of the bond. *Hale County* v. *American Indemnity Co.* (C. C. A.), 63 Fed. (2d) 275; *United States Fidelity & Guaranty Co.* v. *City of Pensacola,* 68 Fla. 357 (67 South. 87, Ann. Cas. 1916 B, 1236); *Bates* v. *Crane County* (Tex. Civ. App.), 55 S. W. (2d) 610; *Dallas County* v. *Perry National Bank,* 205 Iowa, 672 (216 N. W. 119); *Equitable Surety Co. of St. Louis* v. *Board of Finance of Jackson Township,* 186 Ind. 650 (117 N. E. 860).

The duty imposed on the board of supervisors or the board of county auditors as the case may be by the provisions of the statute as quoted is a duty to the public rather than to the bank or its sureties. The statutory obligation is not ambiguous. The intent of the language used, *i. e.,* "Said bonds shall be made to the county and shall be conditioned for the safekeeping and repayment of such moneys,"

can be interpreted to mean nothing less than the moneys that are deposited or left for safekeeping with the depository during the period covered by the obligation.

The demand need not be made during the term of the bond, but the county is granted a reasonable time after the expiration of the bond in which to demand a return of the money deposited. *Hale County* v. *American Indemnity Co., supra; United States Fidelity & Guaranty Co.* v. *City of Pensacola, supra; Lawrence* v. *American Surety Co., supra.*

By applying these rules to the instant case, we find the bond of the American Surety Company, though made effective by its terms only until January 1, 1932, fully secured the deposits made prior to that date, and after the default of the bank on January 11, 1932, the county had the right to recover the amount of its deposit from both of the surety companies.

There are other factors, such as the date of execution and delivery of the bond and the payment of an annual premium on February 9, 1931, and the provision of the statute which fixes a two-year period for county depositories, which indicate that the American Surety bond was in full force and effect on January 11, 1932. However, in view of the foregoing discussion establishing liability, we find it unnecessary to pass upon these matters.

The decree is affirmed, including the computation of interest and the respective liabilities of the two surety companies, without costs.

BUSHNELL, C. J., and SHARPE, POTTER, NORTH, MCALLISTER, and WIEST, JJ., concurred. BUTZEL, J., did not sit.