## CONTINENTAL OIL CO., APPELLANT, v. JAMESON, RESPONDENT.

(No. 3,910.)

(Submitted April 16, 1917.   Decided April 23, 1917.)

[164 Pac. 727.]

*Attachment—Affidavit—Insufficiency.*

Attachment—Affidavit—Insufficiency.

    1.   A paper intended as an affidavit required as a prerequisite to the issuance of a writ of attachment, but not signed by an officer authorized to administer an oath, was insufficient on the face of it.

Same—Motion to Dissolve—Affidavits Inadmissible.

    2.   Under section 6682, Revised Codes, affidavits tending to show that declarations contained in a purported affidavit were in fact sworn to, but that the notary public inadvertently omitted to sign it, though proper on motion to amend the writing, were inadmissible in opposition to a motion to discharge the attachment.

Same—Security for Debt—Affidavit—Insufficiency.

    3.   Affidavit on attachment stating that payment of the debt due "is not secured," *held* insufficient under section 6657, Revised Codes, the statement being referable to the date upon which the writing was prepared, and pregnant with the admission that it had been secured by mortgage or lien prior thereto.

    [As to irregularities and defects which will avoid an attachment, see note in 79 Am. Dec. 164.]

Same—Substantial Compliance With Statute Necessary.

    4.   Substantial compliance with the requirements of the statute is necessary to authorize the issuance of a valid writ of attachment.

*Appeal from District Court, Phillips County; Frank N. Utter, Judge.*

ACTION by the Continental Oil Company against J. W. Jameson.   From an order discharging a writ of attachment, plaintiff appeals.   Affirmed.

*Mr. W. B. Sands* and *Messrs. Nolan & Donovan,* for Appellant, submitted a brief; *Mr. L. P. Donovan* argued the cause orally.

If the failure of the notary to attach his signature and seal to the affidavit, which was sworn to before him, was a defect, the court should have permitted the same to be amended.   In the section of the Code which provides for the discharge of the attachment when "improperly or irregularly" issued, it is further provided, "but the court or judge may allow the plaintiff to

amend his affidavit or undertaking." (Sec. 6683, Rev. Codes.) This is a legislative declaration that a mere defect or irregularity in the affidavit of attachment shall not be deemed fatal to the proceeding; and, since in the case at bar there was no dispute but that the omission of the notary to attach his signature and seal was purely an inadvertence, we respectfully submit that the attachment proceeding should have been upheld, the affidavit being amended if necessary. "The procuring of an attachment is a proceeding within the spirit of the Code, and, if such proceeding is defective, the same may be amended in the furtherance of justice, like any other proceedings, under section 116. (*Pierse* v. *Miles,* 5 Mont. 550, 6 Pac. 347; *Magee* v. *Fogerty,* 6 Mont. 237, 11 Pac. 668; *Josephi* v. *Clothing Co.,* 13 Mont. 195, 33 Pac. 1; *Peiffer* v. *Wheeler,* 76 Hun, 280, 27 N. Y. Supp. 771; *Thames & Mersey Marine Ins. Co.* v. *Dimmick,* 66 Hun, 634, 22 N. Y. Supp. 1096; Maxw. Code Pl. 585; *Struthers* v. *McDowell,* 5 Neb. 491.)'' (*Newell* v. *Whitwell,* 16 Mont. 243, 40 Pac. 866.

*Mr. R. E. O'Keefe,* for Respondent, argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The Continental Oil Company commenced an action against J. W. Jameson to enforce payment for certain goods, wares and merchandise sold and delivered to the defendant. A writ of attachment was issued and property belonging to the defendant seized. A motion to discharge the attachment, on the ground that an affidavit had not been presented at the time the writ was issued, was granted, and plaintiff appealed from the order.

At the time the writ was issued the plaintiff filed with the
[1] clerk of the court the following writing:

"Affidavit of Attachment.

"State of Montana,
   County of Blaine—ss.:

"W. B. Sands, being duly sworn, says: That he is the attorney for plaintiff in the above-entitled action. That the defendant

in the said action is indebted to it in the sum of eight hundred sixty-one dollars, lawful money of the United States, over and above all legal setoffs and counterclaims, upon an express contract for the direct payment of money, to wit: A balance due for merchandise sold by plaintiff to defendant of eight hundred sixty-one dollars. That the same is now due, and that the payment of the same *is not secured* by any mortgage, lien, or pledge upon real or personal property. That the attachment is not sought, and the action is not prosecuted to hinder, delay, or defraud any creditor of the defendant.

"W. B. SANDS.

"Subscribed and sworn to before me this 5th day of Nov., A. D. 1915.

"———————,

"Notary Public for Montana Residing at Chinook, Montana.

"My commission expires."

An indispensable prerequisite to the issuance of a valid writ of attachment is the presentation to the clerk of the court, by the plaintiff, of an affidavit containing the averments enumerated in section 6657, Revised Codes. Section 7988, Revised Codes, defines an affidavit as follows: "An affidavit is a written declaration under oath, made without notice to the adverse party." On the face of the paper copied above it is not an affidavit, for the declarations contained therein do not purport to be made under oath, or before an officer authorized to administer an oath. It is a mere *ex parte* statement by Mr. Sands. If, as a matter of fact, an oath was administered, and the statements in the writing received the sanction of the oath, but the officer neglected to sign his name to the *jurat*, the writing was subject [2] to amendment under the express provisions of section 6683; but plaintiff did not ask to amend the writing, but contented itself with presenting affidavits in opposition to the motion to discharge, to the effect that the declarations contained in the writing were made under oath, and by inadvertence the officer omitted his signature. In support of an application to amend,

these affidavits would have been proper, but in opposition to the motion they are entirely out of place.

The motion to discharge was made upon the record and not upon affidavits. Section 6682, Revised Codes, provides: "If the motion be made upon affidavits on the part of the defendant, *but not otherwise,* the plaintiff may oppose the same by affidavits or other evidence, in addition to those on which the attachment was made." In the absence of an application to amend, the trial court had before it nothing to disclose the true character of the writing, and its order was commanded by section 6683.

The writing is also defective in substance as well as in form. [3] Section 6657 above requires that the affidavit shall contain the statement that payment of the indebtedness *has not been* secured "by any mortgage or lien upon real or personal property, or any pledge of personal property, or, if originally so secured, that such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless." The purpose of this requirement is obvious. There is but one action for the recovery of debt secured by mortgage upon real or personal property, *viz.,* foreclosure. (Rev. Codes, sec. 6861.) If, however, the debt was originally secured, but without fault of the plaintiff, or the person to whom the security was given, the security has become valueless, an attachment may issue, provided the facts be disclosed in the affidavits.

The statement in this instrument that payment of the debt *is not secured* falls short of the requirements of the statute. It is clearly referable to the date upon which the writing was prepared or tendered to the clerk; and, though the debt may not have been secured at that time, it does not negative the fair implication that it was secured at some time prior thereto. Indeed, the statement is pregnant with the admission that the debt had been secured, and omits altogether any explanation which would [4] warrant an attachment. Substantial compliance with the requirements of the statute is necessary to authorize the issuance

of a valid writ. For this additional reason, the court was justified in making the order.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.