JENKINS, RESPONDENT, *v.* FIRST NATIONAL BANK ET AL., APPELLANTS.

(No. 5,698.)

(Submitted March 23, 1925. Decided April 8, 1925.)

[236 Pac. 1085.]

*Attachment—Sureties—Bank Deposits—County Funds—Action on Bond—Parties—National Banks.*

Attachment—Bank Deposits—County Funds—Surety Bonds—Contract for Direct Payment of Money.
1. An action by a county treasurer to recover on a bond securing bank deposits of county funds is one on a contract for the direct pay-

[73 Mont. 110.]

ment of money, warranting the issuance of a writ of attachment against the property of the sureties.

Same—County Officers not Required to Furnish Undertaking.

2.  Under section 9829, Revised Codes of 1921, a county treasurer is not required to furnish an undertaking on attachment in an action brought in his official capacity for the benefit of the county, to recover on an indemnity bond against loss of county funds in a bank.

Same—Affidavit—Insufficiency.

3.  A plaintiff who desires to avail himself of the remedy of the writ of attachment must comply with the provisions of section 9257, Revised Codes, one of which is that the affidavit must recite that the debt sued upon "has not been secured"; hence a statement that the debt "is not secured," leaving it to be inferred that it once may have been secured but is not then, renders the affidavit insufficient and the writ subject to discharge.

Same—Defective Affidavit—Amendable in Furtherance of Justice.

4.  Under section 9187, Revised Codes, the district court may and should, on motion to discharge a writ of attachment because of a defective affidavit, in furtherance of justice permit amendment of the affidavit and deny the motion, where the defect is readily amendable.

Same—Writ Does not Lie Against National Bank.

5.  Attachment on property of a national bank does not lie, nor may the receiver of such a bank be made a party defendant to the proceeding.

Same—Sufficiency—Challenge as a Whole by Several Defendants Properly Overruled if Sufficient as to One.

6.  Where each one of a number of codefendants against whom a writ of attachment has been issued challenged its sufficiency as a whole, a motion to discharge it was properly denied where it was sufficient as to any one of them, even though improperly issued as to the others.

Same—Discharge—What Does not Constitute.

7.  Since the discharge of a writ of attachment involves a judicial determination that the writ should not have been issued, and direction by plaintiff as to how and on what property levy shall be made does not amount to a discharge as to property not levied upon, it is immaterial on motion to discharge that he did not intend that levy should be made upon property not subject to attachment or in excess of defendant's liability as authorized by the writ.

County Deposits—Indemnity Bond—County not Necessary Party Plaintiff.

8.  An action on an indemnity bond running to a county treasurer and the state of Montana securing the safety of county funds deposited in a bank may properly be brought in the name of the treasurer, and need not be brought in the name of the county.

---

1.  See 2 R. C. L. 813.

3.  Irregularities and defects which will avoid attachment, see note in 79 Am. Dec. 164.  See, also, 2 R. C. L. 825.

4.  Amendment of writs of attachment and papers on which based, see note in 61 Am. Dec. 125.  See, also, 2 R. C. L. 836.

5.  Attachment against national bank, see note in 3 Ann. Cas. 1155.

Attachment—Appeal from Order Denying Discharge—Sufficiency of Complaint not Reviewable, When.

9.   Where the sufficiency of the complaint in an action in which a writ of attachment was issued was not questioned on motion to discharge the writ, the question of its sufficiency will not be considered on appeal from an order refusing to discharge it.

Appeal and Error, 3 C. J., sec. 706, p. 779, n. 37.
Attachment, 6 C. J., sec. 104, p. 76, n. 79 New; sec. 231, p. 146, n. 33; sec. 254, p. 154, n. 33; sec. 284, p. 162, n. 52; sec. 991, p. 427, n. 41; sec. 1000, p. 431, n. 87 New; sec. 1058, p. 457, n. 95 New.
Banks and Banking, 7 C. J., p. 836, sec. 802, n. 96.
Deposit, 18 C. J., sec. 84, p. 596, n. 88.

*Appeal from District Court, Musselshell County; George A. Horkan, Judge.*

ACTION by Oscar M. Jenkins, successor of William J. Swan, as County Treasurer of Musselshell County, against the First National Bank of Roundup, its receiver, and others. From order overruling motion to quash attachment, defendants appeal. Remanded, with directions.

*Messrs. Belden & DeKalb, Mr. Merle C. Groene* and *Mr. W. A. Pennington,* for Appellants, submitted a brief and one in reply to that of Respondent; *Mr. H. Leonard DeKalb* and *Mr. Pennington* argued the cause orally at the first hearing and on rehearing.

*Mr. L. A. Foot,* Attorney General, and *Mr. A. H. Angstman,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. Angstman* argued the cause orally.

*Mr. M. S. Gunn* and *Mr. Thos. A. Mapes, Amici Curiae,* submitted briefs on rehearing; *Mr. Gunn* arguing the cause orally.

*Mr. A. H. Angstman,* for Respondent, submitted a reply brief, and argued the cause on rehearing.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Action was commenced by Oscar M. Jenkins, successor to William J. Swan, as treasurer of Musselshell county, against the First National Bank of Roundup, its receiver, and T. C. Sherman, A. A. Morris, Martin Rauch and H. P. Lambert, as sureties on its bond to secure deposits of county funds in the bank.

The complaint alleges the official capacity of plaintiff, the designation of defendant bank as a county depository and the execution, delivery and approval of the indemnity bond, of date March 4, 1922. It then alleges that "Plaintiff, on the twenty-ninth day of March, 1923, had deposited in said bank to his credit, and payable on demand on presentation of check, the sum of $55,055.78 * * * and on the last-named day, while said bank owed to plaintiff the sum last above named, said bank closed its doors, * * * and thereafter, on said twenty-ninth day of March, 1923, plaintiff * * * drew his check upon said bank, * * * presented said check, * * * and demanded payment, and said bank * * * refused * * * and still refuses to pay the same," *etc.* The closing paragraph of the complaint alleges that the deposits were made "between the fourth day of March, 1922, and the fourth day of March, 1923."

A copy of the bond is attached to the complaint and made a part thereof. It runs to "Wm. J. Swan, as county treasurer, * * * his successors in office, and unto the state of Montana." The conditions of the obligation are: "That if the said bank * * * or said sureties, or either of them, shall well and truly indemnify and save harmless the said Wm. J. Swan, as county treasurer, his successors in office, the county of Musselshell, and the state of Montana, from loss or damage of every kind, by reason of deposits * * * as heretofore or hereafter made, in or with said bank, between * * *

73 Mont.—8

the date of these presents and the fourth day of March, 1923, * * * and if the said principal herein shall, whenever requested, render a full account * * * and shall at all times during the continuance of these presents, on demand, promptly pay over to the said county treasurer * * * (such moneys) * * * and shall honor and promptly pay * * * checks (*etc.*), * * * this obligation shall be null and void; otherwise it shall be and remain in full force and effect.''

The sureties Sherman and Morris limited their liability to $75,000 each, Rauch limited his to $30,000, and Lambert his to $20,000. The prayer of the complaint demands a joint and several judgment against all of the defendants in the sum of $55,055.78, with interest.

On commencing the action, plaintiff filed with the clerk of the court his affidavit for attachment, which is in the usual form, except that it declares that the debt ''is not secured by any mortgage, lien, or pledge upon real or personal property.'' No undertaking on attachment was filed. On the affidavit, the clerk issued a writ of attachment, which states the demand in the lump sum of $55,055.78, and commands the sheriff to attach property ''of the defendants'' sufficient to satisfy ''said plaintiff's demand as above mentioned.'' Each defendant thereupon filed a separate motion to quash the writ, all attacking the writ, in its entirety, upon the following grounds: That no writ of attachment may issue against a national bank nor against a receiver thereof; that the affidavit for attachment is insufficient, in that it does not state that the debt had not been secured; that the suit is not upon a contract, express or implied, for the direct payment of money; that no undertaking was filed; and that the writ was irregularly and improperly issued, in that it does not truthfully, or at all, state the amount of demand against the different defendants, in that it states the total amount due only, without mention of the limited liability of Rauch and Lambert, below the total amount claimed to be due, and directs levy on property of

these defendants for the full amount. The court overruled each and all of these motions, and, from the order defendants, the bank, Morris, Rauch and Lambert appeal.

A separate assignment of error is predicated on the overruling of each motion to quash. The questions raised here are those presented as grounds for the motions to quash. The questions thus raised will be taken up in the order presented to us. Four of the questions raised by the several motions to quash attack the writ directly as being irregularly or improperly issued.

1. The first of these is that this is not an action on a contract, [1]   express or implied, for the direct payment of money, and that therefore the writ should not have issued. This contention has been definitely disposed of by this court, contrary to counsel's contention. (*State ex rel. Barnett* v. *Reynolds,* 68 Mont. 572, 220 Pac. 525.)

2. Defendants also contend that the writ was improperly [2]   issued, for the reason that no undertaking was filed with the clerk of the court prior to its issuance. There is no merit in this contention. While it is true that section 9259, Revised Codes of 1921, provides that, "before issuing the writ, the clerk must require a written undertaking," this section must be read in connection with section 9829, which provides that: "In any civil action or proceeding wherein the state or county or a municipal corporation, or any officer in his official capacity on behalf of the state, a county, city, or town, is a party plaintiff or defendant, no bond, undertaking, or security can be required of the state, county, municipal corporation, or town, or any officer thereof; but on complying with the other provisions of this Code the state  *  *  *  or any officer thereof acting in his official capacity, has the same rights, remedies, and benefits as if the bond, undertaking, or security were given and approved as required by this Code."

The plaintiff here is suing in his official capacity "as treasurer of Musselshell county," and for the benefit of the county,

and therefore no undertaking on attachment could be required of him.

3. Defendants contend that the affidavit for attachment is [3] wholly insufficient, in that it does not recite that the debt "has not been secured," as required by section 9257, Revised Codes of 1921, but, in lieu thereof, states that the "debt is not secured." That the affidavit is insufficient in this particular cannot be doubted. The use of the identical phrase has been condemned by this court in the case of *Continental Oil Co.* v. *Jameson,* 53 Mont. 466, 164 Pac. 727, in the following language: "The statement in this instrument that payment of the debt *is not secured* falls short of the requirements of the statute. It is clearly referable to the date upon which the writing was prepared or tendered to the clerk; and, though the debt may not have been secured at that time, it does not negative the fair implication that it was secured at some time prior thereto."

Counsel for plaintiff, however, contend that this decision does not correctly state the law, in that it does not give effect to section 9256, Revised Codes of 1921, which contains the phrase, "is not secured," and cite *State ex rel. Malin-Yates Co.* v. *Justice of the Peace,* 51 Mont. 133, 149 Pac. 709, as supporting their contention. The opinion in the *Malin-Yates Case* does not bear out counsel's contention. While the affidavit there was faulty, its sufficiency was not challenged; the discharge being sought on an attempted showing that the demand sued upon was, in fact, secured. Section 9256 merely provides when an attachment may issue; in order to avail himself of the remedy thus provided, a plaintiff must comply with the provisions of section 9257, which declares what the affidavit must contain. (*Union Bank & Trust Co.* v. *Himmelbauer,* 56 Mont. 82, 90, 181 Pac. 332.)

Attachment is a summary, statutory proceeding, ancillary to the action in which it is issued, and depends for its validity entirely upon a compliance with the statutory requirements. (*Duluth Brewing & Malting Co.* v. *Allen,* 51 Mont. 89, 149

Pac. 494; *American Surety Co.* v. *Kartowitz,* 54 Mont. 92, 166 Pac. 685.) As the legislature has seen fit to provide, by statute, the requirements of the affidavit for attachment, the writ may issue only upon filing an affidavit containing the averments enumerated in section 9257 referred to, regardless of the wording of said section 9256. (*Continental Oil Co.* v. *Jameson, supra.*)

The following quotation from *Home State Bank of Manhattan* v. *Swartz,* 72 Mont. 425, 234 Pac. 281, applies with particular force, however, to the affidavit before us: ''Because of the defective affidavit the court should have sustained the motion to discharge the attachment, unless in furtherance of justice it saw fit to permit the defect to be cured by amendment. By reference to the complaint, it is seen that the defect is readily amendable, and it is also apparent that the amendment will be in furtherance of justice. (Sec. 9187, Rev. Codes 1921.)''

In addition to the provisions of section 9187, Revised Codes of 1921, our Codes provide specifically that while ''if   ＊   ＊   ＊ it satisfactorily appears that the writ of attachment was improperly or irregularly issued, it must be discharged,   ＊   ＊   ＊ the court or judge may allow the plaintiff to amend his affidavit or undertaking.'' (Sec. 9284.)

The trial court should have held that the affidavit in this case was insufficient, but, in the furtherance of justice, should have allowed the plaintiff to amend his affidavit. (*Wilson* v. *Barbour,* 21 Mont. 176, 53 Pac. 315; *Newell* v. *Whitwell,* 16 Mont. 243, 40 Pac. 866; *Pierse* v. *Miles,* 5 Mont. 549, 6 Pac. 347.)

4. Defendants contend that the writ is void because it directs the seizure of the property of the First National Bank, both as such and in the hands of the receiver, and directs levy upon property of the defendants Rauch and Lambert in excess of their liability on the bond.

Had the First National Bank and its receiver been the only defendants in the action, the motions presented by

these defendants should have been granted, for an attempted attachment of the property of a national bank violates the provisions of the federal statutes prohibiting such attachment. (See sec. 5242, vol. 5, Fed. Stats. Ann., p. 188; sec. 9834, U. S. Comp. Stats. 1918; *National Bank of Montana* v. *First Nat. Bank,* 71 Mont. 242, 228 Pac. 80.)   The inclusion of the receiver also violates the provisions of the federal Act declaring the assets of an insolvent national bank a trust fund in the hands of the receiver.   (Sec. 5234, vol. 5, Fed. Stats. Ann., p. 170; sec. 9821, U. S. Comp. Stats. 1918.)   Or, had counsel for these two defendants moved to discharge the writ as to them, or to modify it by excluding the direction to the sheriff to levy upon the property of the bank, such motion should have been granted, and failure to do so would have been reversible error in the court.

So, also, had the defendants Rauch and Lambert moved to [6] amend or modify the writ by limiting the direction to the sheriff, as to them, to a levy upon property belonging to each of them up to the amount of the liability of each, as shown by the bond made a part of the complaint, such motion should have been granted, and likewise its overruling would have been reversible error.   Or on motion of these two defendants to discharge, as to them, on the ground that the writ did not conform to the demands of the complaint (the bond being made a part of the complaint and showing demand as to these defendants less than the demand stated in the writ), such motion should have been granted.   (Sec. 9260, Rev. Codes 1921; *Kennedy* v. *California Sav. Bank,* 97 Cal. 93, 33 Am. St. Rep. 163, 31 Pac. 846; *Bowers* v. *Bank,* 3 Utah, 417, 4 Pac. 225.)   But each of these defendants against whom the writ was improperly or irregularly issued, elected to move the court to discharge the writ *in toto* and thus to challenge the sufficiency of the writ as a whole.   The situation here is analogous to that in the case of *Wilson* v. *Barbour, supra,* where this court said: "The motion to wholly discharge the writ because the affidavit

omitted to state grounds as to two out of seven demands was too broad. It was in the nature of a demurrer for insufficiency, interposed generally to a complaint which states facts sufficient to constitute one cause of action out of several attempted to be pleaded. It was akin to a motion seeking to strike from a pleading certain specified matter charged, as a whole, to be immaterial, when a part is material. In the one case the demurrer must be overruled, and in the other the motion denied.''

Here also the motion of the four defendants last named was too broad, and was properly overruled if the writ was sufficient as to any one of the defendants in the action.

Plaintiff, however, contends that the writ should not have [7] been discharged as to either of these defendants, for the reason that the sheriff would not levy upon or did not seize any property of the bank or that of Rauch and Lambert in excess of their liability. Such contention could not avail plaintiff on presentation of the motion or on appeal. The motion to discharge an attachment because irregularly or improperly issued has nothing to do with the levy; it may be made ''before any attachment shall have been actually levied.'' (Sec. 9282, Rev. Codes 1921.) And, though the party causing the levy to be made may direct that no levy be made against the property of certain defendants, or as to how and on what property of other defendants levy shall be made, such action does not effect a ''discharge'' of the writ to that extent; a ''discharge'' involving a judicial determination that the writ should not have been issued. (*National Bank of Montana* v. *First National Bank, supra.*) It is therefore immaterial, on motion to discharge, what may be the intention of the plaintiff or the sheriff, or whether much or little of the property of any defendant has been levied upon or seized by the sheriff. (*Kennedy* v. *California Sav. Bank, supra.*)

The writ, however, is sufficient, as to the defendants Sherman and Morris, if the remaining questions raised are determined

in favor of the plaintiff, and the trial court cannot be put in error for the overruling of the motions of the remaining defendants attacking the writ as a whole.

The court might, with propriety, on these motions have disregarded the technical question of the general nature of the motions before it, and discharged the writ as to the bank and the receiver, and directed an amendment or modification of the same as to the defendants Rauch and Lambert. The entire matter is before us, and in order that substantial justice be done and further litigation prevented, the question will be again taken up later.

5. Defendants urge that the action should have been brought [8] in the name of the county as the real party in interest. This contention is in direct conflict with the holding in the case of *Wheatland County* v. *Van,* 64 Mont. 113, 207 Pac. 1003, where the court held that, on a bail bond running to the state of Montana, even though ''the penalties recovered on any forfeited recognizance go to the county, * * * there is no privity of contract between the county and the sureties on the bond.'' ''The bond on its face discloses the party entitled to maintain an action thereon in the event of breach.''

In this case the bond runs to ''Wm. J. Swan, as county treasurer, his successors in office, and unto the state of Montana.'' There is, then, privity of contract between the principal and sureties on this bond, and the plaintiff, suing, as he does, in his official capacity as successor to Wm. J. Swan. While he might have joined the state of Montana as a party plaintiff, the state has no such interest in the subject matter of the action as to defeat the action for failure of such joinder.

In an action in the state of Arkansas on a like undertaking, the pleader first joined the state as a party plaintiff, but later withdrew the state; it was contended that by so doing the pleader rendered his complaint insufficient. The court held that the treasurer ''had a right to bring the suit and his bringing it also in the name of the state of Arkansas for the use of

Benton county was mere surplusage." (*Steed* v. *Henry,* 120
Ark. 583, 180 S. W. 508.   To the same effect, see *Buhrer* v.
*Baldwin,* 137 Mich. 263, 100 N. W. 468; *Fry* v. *Coovert,* 47
Ind. App. 598, 94 N. E. 1014; *Moulton* v. *McLean,* 5 Colo. App.
454, 39 Pac. 78.)

The sufficiency of the complaint was not challenged in the
[9]   trial court, and is not properly before us on this appeal.

As we hold the affidavit for attachment to be insufficient, the
order is reversed and the cause remanded, with directions to the
district court of Musselshell county to enter an order discharg-
ing the attachment unless, within ten days after *remittitur* is
filed in the office of the clerk of said district court, the plaintiff
shall file an amended affidavit complying with the provisions
of section 9257, Revised Codes of 1921, and therein stating
the demand against the defendants Rauch and Lambert in
conformity with their liability as shown by the bond made a
part of the complaint.   If such affidavit is filed within time,
the writ shall be modified by discharging the writ as to de-
fendants bank and receiver, and directing levy upon the prop-
erty of Rauch and Lambert in conformity with the demands
against them.   The appellants shall recover their costs upon
this appeal.

*Remanded with directions.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOL-
LOWAY, GALEN and STARK concur.